**Isabel ACEVEDO MARTINEZ, Plaintiff(s),**

v.

**COATINGS INC. AND CO. et als., Defendant(s).**

**No. Civil No. 00–2063(JAG).**

United States District Court, D. Puerto Rico.

Sept. 19, 2003.

Charles S. Hey–Maestre, San Juan, PR; and Nora Vargas–Acosta, First Federal Savings, Rio Piedras, PR, for Plaintiff.

Heber E. Lugo–Rigau, Goldman Antonetti & Cordova, San Juan, PR; and Vivian Nunez–Rodriguez, Santurce, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Trial in this age discrimination case commenced on April 4,2003. After a sixteen day trial, the jury found that while defendants Coatings Incorporated ("Coatings") and Antonio Vazquez ("Vazquez") (collectively defendants) had not discriminated against plaintiff Isabel Acevedo

Martinez ("Acevedo") on account of her age, they had nonetheless retaliated against her for filing a complaint of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"),29 U.S.C. § 621 *et seq.*, and 29 L.P.R.A. § 146 *et sea.*, ("Law 100"). Based on this verdict, the jury found Coatings and Vazquez liable to plaintiff in the amount of $9,000 and $31,000 respectively. Accordingly, the court entered judgment on May 9,2003, awarding plaintiff $40,000 in damages for her local retaliation claim (Docket No. 133). The verdict form further indicated that—Court would determine any backpay due to Acevedo pursuant to her federal retaliation claim (See Docket No. 130). At the close of trial, the Court ordered the parties to file memoranda on the issue of whether any backpay was due to Acevedo pursuant to the jury's finding that defendants had retaliated against her (Docket No. 132). Both parties have filed memoranda on the issue (See Docket Nos. 136, 141).

Also pending before the Court is defendants's motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 (Docket No. 120, 123, 135) and plaintiffs motion to alter or amend the judgment (Docket No. 142). The defendants duly opposed the latter (Docket No. 143).

### FACTUAL BACKGROUND

Acevedo was employed at Coatings since 1974. On December 16, 1997, she filed a charge of age discrimination before the Department of Labor of the Commonwealth of Puerto Rico ("ADU"). On August 5,2000, after receiving her right to sue letter, Acevedo filed this suit. A little over a month later, on September 28, 2000, Coatings laid off all its workers as a result of a labor strike. It was not until December of 2000 and January of 2001 that Coatings began recalling employees, however, Acevedo was never called back

On December 5, 2000, Acevedo filed an application for social security benefits claiming that she was totally disabled and unable to work since April 4, 2000. In her application, Acevedo declined vocational rehabilitation training. Nonetheless, at trial, her testimony was that she intended to file such papers and that she was willing to go back to work. Her petition for social security benefits was granted retroactive to April 4, 2000. She has been receiving social security disability benefits (SSDI) since October 2000 to date.

On January 31, 2001, Acevedo again filed a charge before the EEOC, this time claiming retaliation for defendants' failure to reinstate her to her job due to the filing of the present case. The charge was later dismissed. Thereafter, Acevedo never amended her original charge before the Department or Labor, nor her complaint in this case to include a claim for retaliation.

This case went to trial on April 4, 2003. The questions submitted to the jury were first, whether defendants had discriminated against plaintiff, Isabel Acevedo ("Acevedo"), on account of her age under either the federal Age Discrimination in Employment Act (ADEA) or under Local Law 100. Secondly, the Court asked the jury to decide whether defendants had retaliated against Acevedo under federal or local law for filing her complaint of age discrimination. Finally, the jury was asked to determine any compensatory damages due to plaintiff if she prevailed on any of her claims.[1]

---

1. The Verdict form submitted to the Jury included the following questions:

1) Do you find, by a preponderance of the evidence, that defendant Coatings Incorporated & Co. discriminated against Isabel

The jury returned a verdict for defendants on the age discrimination claims, but found in plaintiffs favor on her retaliation claims under both federal and local law. The jury found Coatings liable to Acevedo in the amount of $9,000 and Vazquez liable for $31,000. Accordingly, the court entered judgment on May 9, 2003, awarding plaintiff $40,000 in damages for her local retaliation claim (Docket No. 133).[2] The verdict form further indicated that the court would determine any backpay due to Acevedo pursuant to her federal retaliation claim (*See* Docket No. 130).

### STANDARD OF REVIEW

In reviewing a motion for judgment as a matter of law brought pursuant to Fed.R.Civ.P. 50(b), the Court may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence. *Marcano–Rivera v. Pueblo Int'l,* 232 F.3d 245, 251 (1st Cir.2000). The Court should set aside a jury verdict only if the evidence proffered at trial was so strongly and overwhelmingly inconsistent with the verdict that no reasonable jury could have returned it. *Crowley v. L.L. Bean. Inc.,* 303 F.3d 387, 393 (1st Cir.2002). "Once a jury returns a verdict, a 'heavy burden' is placed on one who challenges it." *White v. New Hampshire Dep't of* Corr., 221 F.3d 254, *259* (1st Cir.2000). The Court will not overturn a verdict so long as there is evidence upon which the jury could properly find a verdict for the prevailing party. Thus, the Court must uphold the jury verdict unless the evidence presented supports only one conclusion: that the verdict cannot stand. *Walton v. Nalco Chem. Co.,* 272 F.3d 13, 18 (1st Cir.2001). In its review, the Court

Acevedo on the basis of her age under Law 100?

2) Do you find, by a preponderance of the evidence, that defendant Antonio Vazquez discriminated against Isabel Acevedo on the basis of her age under Law 100?

3) Do you find, by a preponderance of the evidence, that defendants retaliated against Plaintiff Isabel Acevedo Martinez in violation of Law 100 by creating a hostile work environment, dismissing her or failing to call her back after the 2000 strike because she filed a charge of discrimination with the Department of Labor?

4) If you have answered YES to any one or more of questions 1, 2 or 3, do you find that plaintiff suffered physical, mental and/or emotional damages? If so, what amount? Please note that you may not include backpay in this Law 100 award.

5) Do you find, by a preponderance of the evidence, that the plaintiff Isabel Acevedo Martinez met her burden of proving that defendant Coatings Incorporated & Co. discriminated against heron the basis of her age under the Age Discrimination in Employment Act?

6) Do you find that co-defendant Coating's conduct against Isabel Acevedo was willful as defined to you in the instructions?

7) Do you find, by a preponderance of the evidence that defendant Coatings Incorporated & Co. retaliated against Plaintiff Isabel Acevedo Martinez in violation of ADEA by creating a hostile work environment, dismissing her or failing to call her back after the 2000 strike because she filed a charge of discrimination with the Department of Labor?

2. The original judgment in this case, entered on May 9, 2003, reads as follows:

Pursuant to the jury verdict published on this same date in open court:

(1) Judgment is hereby entered in favor of defendants on the age discrimination claims under Local Law 100 and the Age Discrimination in Employment Act (ADEA).

(2) Judgment is hereby entered against co-defendant Coatings Incorporated & Co. in the amount of $9,000.00 pursuant to the retaliation claim under Local Law 100.

(3) Judgment is hereby entered against co-defendant Antonio Vazquez in his personal capacity in the amount of $31,000.00 pursuant to the retaliation claim under Local Law 100.

(4) Judgment is hereby entered in favor of plaintiffs on her retaliation claim under ADEA. The Court will determine any backpay due to plaintiff pursuant to this claim.

must view the evidence and draw all inferences in favor of the nonmoving party. *Zimmerman v. Direct Fed. Credit Union,* 262 F.3d 70, 75 (1st Cir.2001); *Cardona Jimenez v. Bancomercio de Puerto Rico,* 174 F.3d 36, 40(1st Cir.1999).

■ "[A] jury's verdict on the facts should only be overturned in the most compelling circumstances." *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors,* 850 F.2d 803, 810 (1st Cir.1988). Indeed, the Court may not disturb the jury's verdict merely because it might have decided the case differently. A jury's judgment "is given wide latitude and will be upheld so long as it does not exceed some 'rational appraisal or estimate of the damages that could be based on the evidence before the jury.'" *Blinzler v. Marriott Int'l. Inc.,* 81 F.3d 1148, 1161(1st Cir.1996); *Langevine v. District of Columbia,* 106 F.3d 1018, 1024 (D.C.Cir.1997)(noting that a court "must be especially hesitant to disturb a jury's determination of damages in cases involving intangible and non-economic injuries").

## DISCUSSION

### A. Motion for Judgment as Matter of Law

In their motion for judgment as matter of law, defendants argue that the verdict should be set aside because the retaliation claims were improperly submitted to the jury. Defendants' argument is two fold. First, they assert that Acevedo's failure to amend her complaint to include the retaliation claim or exhaust administrative remedies precluded the Court from sending the retaliation charge to the jury. Secondly, they argue that since the jury found that there was no age discrimination either under ADEA or Law 100, there can be no retaliation as a matter of law.

Defendants further contend that Acevedo is not entitled to reinstatement or back pay due to the Social Security Administration's (SSA) finding that she was totally disabled and unable to work. This finding, coupled with her failure to file for vocational rehabilitation training, defendants argue, is inconsistent with reinstatement or an award of backpay because it suggests Acevedo was and is incapable of returning to work. The Court will address each of these arguments in turn:

### 1. Retaliation

Defendants argue that Acevedo's failure to amend her complaint or exhaust administrative remedies precluded the court from submitting her retaliation claim to the jury as this claim was not within the scope of the investigation resulting from the charge filed in 1997 ($—Docket No. 123). Acevedo concedes that while she never explicitly amended her complaint to include a charge of retaliation, the extensive amount of discovery on the issue, the exchange and eventual resolution in her favor of dispositive motions on the issue, and the eventual litigation and jury verdict on the retaliation charge constitute an amendment to the pleadings pursuant to Fed.R.Civ.P 15(b) (Docket No. 127) [3] Acevedo further alleges she has presented evidence regarding her willingness and ability to return to work, thus entitling her to backpay and reinstatement.

Acevedo filed her complaint before this Court while she was still employed at

---

**3.** Rule 15(b) provides that: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issued may be made upon motion of any party at any time, even after judgments; ..."

Coatings. The complaint asserts claims for age discrimination under ADEA and Law 100 and it makes a brief mention of retaliation without expressly asserting a cause of action for retaliation (See Docket No. 1 at ¶ 2). Shortly after the filing of Acevedo's complaint, after Coatings had terminated her due to the strike and had begun recalling employees, Acevedo filed a new charge for retaliation before the EEOC. The charge was later dismissed but Acevedo failed to amend her complaint in this case to include a claim for retaliation.

■■ It is well established that there is no exhaustion requirement for claims brought pursuant to the local anti discrimination laws. *Perez Cordero v. Wal–Mart Pr Inc.*, 235 F.Supp.2d *95*, 101 (D.P.R. 2002). With respect to exhaustion regarding the federal retaliation claim, the First Circuit has held that an employee's retaliation claims are not precluded from consideration by the district, 4–j–court for failure to exhaust administrative remedies, so long as the alleged retaliation was reasonably related to and grew out of the alleged discrimination that the employee initially reported to the live administrative agency. *Clockedile v. New Hampshire Dep't of Corrections*, 245 F.3d 1, 6 (1st Cir. 2001)("On balance, we think the cleanest rule is this: retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the *agency."); Curran v. Portland Superintending School*, 435 F.Supp. 1063 (D.Me.1977) (Finding that unpleaded claims of harassment, intimidation and retaliation grew directly out of plaintiffs initial complaint of unlawful discrimination). In this case, Acevedo's complaints of retaliation, while not specifically included in her initial charge before the ADU are directly related to her initial complaint for age discrimi-

nation. Logically, Acevedo only asserted retaliation once defendants failed to recall her after the strike. Accordingly, defendant's argument that the retaliation claims should be dismissed for failure to exhaust are without merit.

Defendants' argument that the retaliation claims should be dismissed due to Acevedo's failure to amend her complaint to expressly include a claim for retaliation are also without merit. While parties should be protected from surprise based on changes in the theory of a case, the bottom line is fair notice to the opposing party of the claims asserted against him. *Rodriguez v. Doral Mort. Corp.*, 57 F.3d at 1171 *(citing Torres Ramirez v. Bermudez Garcia*, 898 F.2d 224, 227 (1st Cir.1990)). Defendants had adequate notice that Acevedo was asserting retaliation, despite her failure to expressly amend the complaint. There is mention of retaliation in the complaint and in the Joint Case Management memorandum (Docket No. 2 at page 2). Further, at the summary judgment stage, the Court found that Acevedo had properly articulated a prima facie case for retaliation (See Docket No 86). In addition, the Pre-trial Order also discussed the merits of Acevedo's retaliation claim (Docket No. 82 at 35).

Moreover, the Federal Rules of Civil Procedure allow the consideration of unpleaded claims by express or implied consent. *See* Fed.R.Civ. P. 15(b). Implied consent to the litigation of an unpleaded claim usually arises in two sets of circumstances: (1) when it is introduced outside of the complaint and then treated by the opposing party as having been pleaded, either through effective engagement or silent acquiescence. *Rodriguez v. Doral Mortgage Corp.* 57 F.3d 1168, 1172 (1st Cir.1995) *(citing Action Mfg. Inc. v. Fairhaven Textile Corp.*, 790 F.2d 164, 167 (1st Cir.)); or (2) when a party acquiesces to

the introduction of evidence which is relevant only to that issue. *See DCPB, Inc. v. City of Lebanon,* 957 F.2d 913, 917 (1st Cir.1992).

In this case the parties conducted discovery and used evidence at trial that was solely pertinent to the retaliation charge. For example, both parties submitted the data regarding who were the employees that Coatings recalled after the strike and what their duties and responsibilities were after their return. This information was only pertinent to Acevedo's retaliation claim premised on the failure to recall. *Kenney v. Providence Gas Co.,* 118 R.I. 134, 372 A.2d 510, 514 (1977) (stating there can be no implied consent unless the parties understand that the evidence in question is aimed at the unpleaded claim). The Court finds that this behavior constituted an implied amendment to the pleadings. The retaliation claim was properly considered and submitted to the jury, not only because defendants had ample and adequate notice that Acevedo was asserting retaliation, but also because they impliedly consented to its introduction by submitting evidence pertaining solely to that claim at trial. Consequently, defendants cannot be said to have been prejudiced by the litigation of this claim at trial. *Rodriguez,* 57 F.3d at 1171.

Defendants second argument is that, since the jury found that there had been no age discrimination, as matter of law, there can be no retaliation. Contrary to defendants argument, it is well established that an "employee's eventual success in an ADEA claim is irrelevant to his retaliation claim." *Mesnick v. General Elec. Co,* 950 F.2d 816, 827 (1st Cir.1991). Defendants contend that because the alleged retaliatory conduct took place more than three years after the date Acevedo filed her initial charge at the Department of Labor, the chronology of the case clearly reveals the lack of a causal connection between Acevedo's charge of discrimination and her termination or failure to recall. Defendants cite to *Mesnick* for the proposition that a long delay between the protected conduct and the ultimate adverse employment action militates against a finding of retaliation. *Mesnick,* 950 F.2d at 828. While temporal proximity between the protected activity and the adverse employment action may certainly be indicative of retaliatory animius, this is not the sole factor in determining whether an adverse employment action was retaliatory. In *Mesnick,* the Court indicated that the critical inquiry in a retaliation claim was whether "the aggregate of the evidence of pretext and retaliatory animus sufficed." *Mesnick,* 950 F.2d at 827.

To establish a claim for retaliation, all Acevedo had to prove was that she engaged in protected conduct, that she was thereafter subjected to an adverse employment action and that there was a causal link between the two. *See Orell v. UMass Memorial Medical Center. Inc.,* 203 F.Supp.2d 52, 60 (D.Mass.2002); *Mesnick,* 950 F.2d at 827. At the summary judgment stage, the Court found that the evidence presented a triable issue of fact as to retaliatory motive and pretext. At trial, Acevedo presented evidence of a mounting pattern of hostility at the workplace, including denigrating remarks and a diminution in the quality and amount of duties beginning in 1997. In August of 2000, Acevedo filed this lawsuit, a month later she was laid off pursuant to the general strike at Coatings and then defendants failed to call her back. Acevedo reasonably perceived that Coatings failure to recall her after the strike was in retaliation for filing her age discrimination complaint before this Court. "It is enough that the plaintiff had a reasonable, good-faith belief that a violation occurred; that he acted on

it; that the employer knew of the plaintiffs conduct; and that the employer lashed out in consequence of it." *Mesnick* 950 F.2d at 827 *(citing Petitti v. New England Tel. & Tel. Co.,* 909 F.2d 28, 33 (1st Cir.1990)). The Court is not persuaded by defendants argument that because the initial charge was filed in 1997 and Acevedo was not recalled until 2000, there can be no retaliation. The evidence presented at trial allowed the jury to infer that after Acevedo's initial charge and until the strike, she was subjected to a hostile and harassing work environment. Then the strike took place and Acevedo was not recalled. The time elapsed between the filing of the complaint and the failure to recall is only a couple of months, a portion of which Acevedo was on lay off status due to the strike. There was sufficient temporal proximity and evidence of retaliatory animus for the jury to find as it did. The jury was entitled to infer that defendants retaliated against plaintiff by failing to recall her after the September 2000 strike for filing her complaint before this Court a month earlier.

Moreover, the jury was entitled to infer that defendants' actions were motivated by retaliatory animus instead of age based discrimination. The verdict reveals, that at a minimum, the jury believed that some if not all of the actions Coatings took against Acevedo, masked retaliatory animus. "As a practical matter, employers typically do not explicitly declare their intentions to discriminate or retaliate against an employee for engaging in Title VII. protected activity. Therefore, generally the plaintiff-employee must make do with circumstantial evidence, leaving it to the jury whether to infer from the nature of the materially adverse employment conditions that the defendant employer harbored retaliatory animus." *Bell v. Potter,* 234 F. Supp 2d 91, 98 (D.Mass.2002) *(citing Simas v. First Citizens' Federal Credit Union,* 170 F.3d 37, 48 (1st Cir.1999)).

The issue, simply stated, is whether taking the evidence in the light most favorable to Acevedo, the jury could have found that one or more of the adverse employment actions were taken in retaliation for filing her complaints regarding age discrimination. The court finds that the evidence presented at trial was sufficient for the jury to infer retaliatory animus and pretext. It was a credibility determination, clearly within the province of the jury to ascertain what was the motive or intent behind defendants' actions. *See Madeja v. MPB Corp.,* 821 A.2d 1034, 1046 (N.H. 2003) (Stating there was sufficient evidence for a reasonable jury to find that the plaintiff had proven, via circumstantial evidence, that the true reason the defendant terminated her was to retaliate against her). Drawing all reasonable inferences in Avecedo's, favor, we find that a jury could reasonably have found that Coatings and Vazquez retaliated against Acevedo for filing her complaint of age discrimination. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge" *Reeves v. Sanderson Plumbina Products, Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Determinations of motive and intent, particularly in discrimination cases, are questions better suited for a jury. *Mulero–Rodriguez v. Ponte, Inc.* 98 F.3d 670, 677 (1st Cir.1996). This is particularly true when proof is based on inferences that must be drawn as opposed to the proverbial "smoking gun." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 8012, 93 S.Ct. 1817, 36 L.Ed.2d 668 ((1973)). Keeping in mind that the jury believed Acevedo's testimony as to retaliation, the evidence when viewed through a Rule *50(b)* lens is sufficient to support the jury's verdict.

## 2. Back Pay/Reinstatement/Front Pay

Defendants argue that Acevedo is not entitled to reinstatement and that the Court must exclude from any backpay award, the time Acevedo was disabled and receiving disability benefits from the SSA since she would not have been otherwise able to work during the period of her disability. They contend that Acevedo has not explained why her representation of total disability—before the SSA is consistent with her allegation that she is fit to work. Further, they allege that despite her testimony at trial regarding her intent to file for rehabilitation services, Acevedo has yet to make any efforts to return to work and has presented no evidence that she is able to work, thus defeating her claims for reinstatement and front pay.

In *Sullivan*, the First Circuit excluded from an award of backpay, the time an ADA plaintiff was disabled under the social security act because under such circumstances he could not have worked for the defendant or for anybody else during that period. *Sullivan v. Raytheon Co.*, 262 F.3d 41, 47 (1st Cir.2001). In the context of ADA plaintiffs, courts have held that a claim of disability for purposes of social security benefits does not necessarily preclude plaintiff from asserting that she is capable of performing her job with reasonable accommodation. *Mercado Rivera v. Loctite Puerto*, 222 F.Supp.2d 136 (D.P.R.2002). However, it is well established that a plaintiff must explain why the representation of total disability she made to the social security administration is consistent with the claim that she could perform the essential functions of her job with reasonable accommodation. *Id. Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 795–796, 119 S.Ct. 1597, 143 L.Ed.2d 966(1999) ("Pursuit and receipt of SSDI benefits does not automatically estop a recipient from pursuing an ADA claim or construct a strong presumption against the recipients's ADA success. However an ADA plaintiff cannot ignore her SSDI contention that she was too disabled to work, but must explain why that contention is consistent with her ADA claim that she can perform the essential functions of her job, at least with reasonable accommodation"); *see also Lemire v. Silva*, 104 F.Supp.2d 80, 89 (D.Mass.2000).

 Acevedo represented to the SSA that she was totally disabled to work. At no point did she suggest that her disability was a temporary one or that she would be able to work with some reasonable accommodation. Furthermore, in her application for social security she declined vocational rehabilitation services. Her application logically suggests that Acevedo was totally disabled to work and had no intention of returning to the workforce. Acevedo never sought alternate employment nor took steps that would have enabled her to go back to work. In doing so, the Court finds that Acevedo voluntarily took herself out of the job market. It would be inconsistent for an ADEA plaintiff to allege a total disability that precludes him from working, take no efforts to seek employment and then seek backpay and reinstatement. *Loubrido v. Hull Dobbs Co. of P.R.*, 526 F.Supp. 1055, 1061 (D.P.R.1981) (excluding period in which ADEA plaintiff was disabled and receiving social security benefits from her backpay award for age discrimination because plaintiff could not have worked during that period).

Accordingly, the Court finds that Acevedo is not entitled to backpay since she was receiving benefits for a disability that allegedly precluded her from engaging in gainful employment and has not otherwise submitted evidence to prove that she is fit to go back to work. For substantially the

same reasons, the Court also denies her request for reinstatement and front pay.

## B. Motion to Alter or Amend Judgment

In her "Motion Requesting Amendment of Judgment pursuant Fed.R.Civ.P. *59*" (Docket No. 142), Acevedo argues that the Court should have doubled the amount of compensatory damages awarded by the jury pursuant to her local retaliation claim. Acevedo alleges that under local law, the amount of damages awarded to a prevailing plaintiff for being a victim of retaliation or discrimination is to be doubled. In the verdict form and jury instructions, the court inadvertently identified the local retaliation claim as one under Law 100, when it should have been properly labeled as one under Law 115. Neither party objected to this mistake prior to or during trial. While Acevedo now recognizes that Law 100 lacks a retaliation component, she cites to Law 115 as providing a retaliation claim for workers filing claims under the myriad of local labor laws.[4] She asserts that local Law 115, like Law 100, requires the doubling of damages to a plaintiff who is successful in her retaliation claim. In addition to the arguments regarding retaliation in their motion for judgment as matter of law, defendants oppose Acevedo's request stating that she never articulated a claim under Law 115.

 Acevedo's failure to properly name Law 115 as the basis of her claim is of no consequence the Court has determined that she properly articulated and defendants had ample notice of her retaliation claim. *See Dorante v. Wrangler,* 145 D.P.R 408, 414(1998*) (citing Rivera Flores v. Compania ABC,* 138 D.P.R. 1, 1995 WL 877481 (1995) (stating that a plaintiff need not specify the law pursuant to which he seeks redress, so long as the facts are sufficient to state a cause of action)). Moreover, the instruction given to the jury properly identified the framework applicable in deciding a Law 115 retaliation claim.[5]

4. "No employer may discharge, threaten or discriminate against an employee regarding the terms, conditions, compensation, location, benefits or privileges of the employment should the employee offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum n Puerto Rico, when such expression are not of a defamatory character nor constitute disclosure of privileged information established by law." See 29 LPRA § 194(a).

5. The instruction given to the jury regarding the retaliation claims was the following:

*Prohibition against retaliation or reprisals:*
Under federal law, it is also unlawful for an employer to retaliate against an employee for engaging in activity which is protected under the Civil Rights Laws, such as filing a charge of discrimination. This protected activity can be the opposition of an employee to any discriminatory employment practice at the company level. Proving retaliation, however, involves separate and distinct elements from proving a discrimination claim, and the two should not be confused

In order to establish prima facie case of retaliation, the plaintiff must prove by preponderance of the evidence:

(1) that she engaged in protected activity; and

(2) that she suffered an adverse employment action; and

(3) that defendant acted out of a retaliatory motive in taking the adverse employment action

Protected activity is an employees conduct in opposing a discriminatory practice, making a charge of discrimination or testifying, or assisting or participating in any manner in any investigation

An "adverse employment action", as stated before, may include discharge, demotion, refusal to hire, refusal to promote, reprimands or harassment.

Plaintiff must also demonstrate by a preponderance of the evidence that her protected activity was followed closely in time by the adverse employment action.

The Puerto Rico Supreme Court has recognized Law 115 ratifies the public policy of protecting workers. *See Irizarry v. Johnson & Johnson,* 2000 TSPR 15, 2000 WL 115772(2000) (analyzing the intent of the drafters of Law 115 by looking at its predecessor, Law *65,* and finding that testimony offered before the State Insurance Fund is protected by the law);—45 D.P.R at 422(finding that the prohibition against retaliation encompasses all labor laws).

 It is well established that courts should rely on the text of the law, when it is clear and free of ambiguity, when determining legislative intent. *Irizarry* at 3 *(citing Rodriguez Rosa v. Mendez & Co.,* 9 TSPR 23 (1999)). Furthermore, the Supreme Court of Puerto Rico has stated that labor laws are to be liberally interpreted, resolving any doubts in favor of the employee. *Irizarry* at 3 *(citing Mendez Orellana v. Fondo del Seguro del Estado,* 140 D.P.R. 375 (1996); *Santiago v. Kodak Caribbean,* 129 D.P.R. 763 (1992)). Law 115 contains an express mandate for the doubling of compensatory damages.[6] *See Sanchez v. Puerto Rico Oil Co.,* 37 F.3d 712, 723 (1st Cir.1994) (stating that the doubling of the damages award under law 100 is not tied to any particular showing on plaintiffs part). Accordingly, the judgment pursuant to the jury verdict will be amended to reflect that the local retaliation claim is premised on Law 115 and the amount of compensatory damages will be doubled.[7]

In her motion, Acevedo also asks the Court to enter judgment in her favor on the age discrimination claim premised on hostile work environment notwithstanding the verdict. She states that the "finding of hostile environment as retaliation and

In this case, plaintiff Isabel Acevedo Martinez has alleged that defendant Coatings discriminated against her because she filed a complaint with the Department of Labor charging that the company with discriminating against her based on her age. The defendants deny that they discriminated against plaintiff or that the decisions regarding plaintiffs employment were made in retaliation for her complaints.

If you find by a preponderance of the evidence that the plaintiff has met the elements of her prima facie retaliation claim, then the employer must set forth a legitimate nondiscriminatory reason for the adverse employment action. The burden remains on plaintiff however, to prove that the employer's proffered reason is pretextual and that the action were taken with a retaliatory motive.

If you find that the defendants did not so retaliate, you must find in their favor on this claim.

In order to find retaliation, it is *not necessary* that you find that the conduct complained of by plaintiff Isabel Acevedo Martinez was in fact discriminatory, but rather, that she had a good faith reasonable belief that the actions, practices, policies and/or inactions she complained of violated the law. Nor is it necessary for you to find that retaliation was the sole motive for the employer's actions. Federal and Puerto Rico law are violated if retaliatory motive played a part in the adverse employment action. It need not be the sole motivating factor.

6. Any person claiming a violation of sections 194 et seq. of this title may prosecute a civil action against the employer within three (3) years from the date in which the violation took place and request compensation for unearned salaries, benefits and attorney's fees for the real damages suffered, for mental anguish, and reinstatement in his/her job. The employer's liability regarding the damages and the unearned salaries shall be double the amount determined as having caused the violation of the provisions of sections 194 et seq. of this title." 29 L.P.R.A. § 194(b).

7. The Court was under no obligation to tell the jury that the amount of damages they awarded would be doubled according to the statute. *See Campos–Orrego v. Rivera,* 175 F.3d 89, 96 (1st Cir.1999) (Stating that in cases where multiple damage awards are statutorily provided, it is generally not advisable to inform a jury of the provision or danger that the jury may reduce a plaintiffs award to account for the multiplication).

not as age discrimination is at odds with the evidence." (Docket No. 142 at 7–8). As the Court has discussed above, the jury's finding is Ii' consistent with the evidence presented at trial. Inasmuch as it was within the jury's province to determine how much credibility to afford the witnesses who offered conflicting testimony, such as Ileana Irene and William Soto, the Court will not disturb the jury's determination that the actions taken against Acevedo were based on retaliation rather than age discrimination.

## CONCLUSION

For the reasons stated above, defendants' motion for judgment as a matter of law (Docket No. 135) is DENIED. Plaintiffs Motion Requesting Amendment of Judgment (Docket No. 142) is GRANTED in part and DENIED in part. Plaintiffs request for reinstatement and backpay are DENIED.

IT IS SO ORDERED.