**Juan Cordero SOTO, Plaintiff(s)**

v.

**ISLAND FINANCE, INC., Defendant(s).**

**Civil No. 02–1730(JAG).**

United States District Court,
D. Puerto Rico.

Sept. 30, 2004.

**300**

---

John Ward–Llambias, San Juan, PR, for Plaintiff.

Francisco M. Ramirez–Rivera, Amelia Fortuno–Ruiz, Martinez Odell & Calabria, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On May 15, 2002, plaintiff Juan Cordero Soto (hereinafter "Cordero") filed suit against defendant Island Finance, Inc. (hereinafter "Island Finance"), alleging violations to his constitutional rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, 623(a)(1), under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the Constitution, as well invoking supplemental jurisdiction for claims under Puerto Rico Law 100 and Law 80 (Docket No. 1). On January 26, 2004, defendant Island Finance filed a motion for summary judgment with respect to the ADEA claims (Docket No. 37), and a motion to dismiss with respect to the claims under 42 U.S.C. § 1983 (Docket No. 38). After plaintiff's repeated lack of compliance with the deadlines to oppose both motions, this Court denied plaintiff's final request for an extension of time. Therefore, both motions are unopposed. On August 16, 2004, this Court ordered defendant to submit a supplemental brief to the summary judgment motion only with respect to the reasons behind plaintiff's termination (Docket No. 57). Defendant complied on September 1, 2004 (Docket No. 58), and plaintiff submitted his opposition on September 20, 2004 (Docket No. 62).

Island Finance requests summary judgment on the ADEA claim because Cordero is not entitled to any remedy due to his total disability with the Social Security Administration and Island Finance had a justifiable reason for terminating Cordero's employment. Island Finance also requests the dismissal of the claims under 42 U.S.C. § 1983, as defendant is not a state actor. For the reasons discussed below, this Court GRANTS defendant's motion for summary judgment and motion to dismiss.

## FACTUAL BACKGROUND[1]

Plaintiff Cordero was a Senior Manager of one of the Branch offices of Island Finance. Sometime in October of 2000, he was dismissed from his position, in addition to another 15 employees who held the same position. Cordero claims that he was dismissed from his position due to his age, and has brought the present cause of action.

---

**1.** The facts have been taken from the complaint (Docket No. 1).

## DISCUSSION

### A. *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure governs the court's discretion to grant summary judgment. It states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

For a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### B. *ADEA claims*

■ Defendant's motion for summary judgment (Docket No. 37) was unopposed by plaintiff. However, this Court ordered the parties to file supplemental briefs on the issue of Island Finance's reasons for terminating Cordero, and Cordero did file an opposition to Island Finance's brief. This Court notes that Cordero's opposition, erroneously titled Motion in Opposition to Motion to Dismiss, includes seventeen (17) exhibits as supporting evidence. Of those exhibits, seven (7) were submitted in the Spanish language without a certified English translation. Plaintiff did not ask for leave to file said exhibits in Spanish while he obtained the necessary translations, nor did he subsequently present any translations. Therefore, pursuant to Local Rule 43, this Court will not take into consideration exhibit # 1, 2, 8, 9, 10, 15 and 16. *See Gonzalez–De Blasini v. Family Dep't.*, 377 F.3d 81 (1st Cir.2004).

■ In its motion for summary judgment as to the ADEA claims, Island Finance argues that, because Cordero was found to be disabled since September 15, 2000, prior to his termination, and continues to be disabled and to receive disability benefits from the Social Security Administration, he is not entitled to any remedy under ADEA. Cordero is requesting back

pay, front pay and reinstatement. It has been established that an ADEA plaintiff cannot recover back pay "during the time he was disabled under the Social Security Act because under such circumstances he could not have worked for defendant or for anybody else." *Loubrido v. Hull Dobbs Co. Of Puerto Rico, Inc.*, 526 F.Supp. 1055, 1061 (D.P.R.1981). *See also Sullivan v. Raytheon Co.*, 262 F.3d 41, 47 (1st Cir. 2001). In a similar vein, Cordero's request for reinstatement and front pay must be denied, since Cordero continues to receive benefits for a disability that prevents him from being gainfully employed, and has not submitted evidence that he would be able to go back to work. *Acevedo Martinez v. Coatings*, 286 F.Supp.2d 107, 116 (D.P.R.2003).

■ Pursuant to 29 U.S.C. Sec. 626(b), Cordero may recover liquidated damages only in a case of willful violation of ADEA. *Loubrido* at 1062. In this case, Island Finance has provided evidence that there were several reasons that may have led to Cordero's termination, including the ongoing reorganization efforts at Island Finance, and the closing of about 40% of existing branches. Cordero argues that said reasons are a subterfuge for numerous terminations motivated by age discrimination; however, the evidence he provides, consisting mainly of excerpts of witness depositions, are not sufficient to create a controversy as to the reasons for the termination. Therefore, this Court finds that Cordero would not be entitled to liquidated damages for a willful violation of ADEA, and the ADEA claims must be dismissed.

### C.  *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### D.  *42 U.S.C. § 1983 claims*

■ Island Finance seeks to dismiss the second and third causes of action brought by Cordero pursuant to the 42 U.S.C. § 1983 claims, for violations of Cordero's right under the Fourth and Fourteenth amendments. The motion to dismiss was unopposed. Given that, for purposes of the Fourth and Fourteenth Amendments, defendant Island Finance is not a state actor, this Court must grant defendants motion to dismiss the second and third causes of action in this complaint.

### E.  *Claims under Puerto Rico Law 100 and Law 80*

Since Cordero's federal claims under ADEA and 42 U.S.C. § 1983 will be dis-

missed, this Court will not exercise supplemental jurisdiction over the remaining state claims. Therefore, the state claims must be dismissed without prejudice.

## CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** defendant's motion to dismiss the claims under 42 U.S.C. § 1983, and **GRANTS** the motion for summary judgment dismissing the ADEA claims. As this Court will not exercise jurisdiction over the supplemental claims pursuant to Puerto Rico Law 100 and Law 80, the same shall be **DISMISSED WITHOUT PREJUDICE.** Judgment shall issue accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2004.