Idiana Aguirre VARGAS, Plaintiff,

v.

THE FULLER BRUSH COMPANY OF PUERTO RICO, INC., et al., Defendants.

No. CIV. 03–2056PG.

United States District Court, D. Puerto Rico.

Sept. 8, 2004.

136

Jose L. Cabiya–Morales, Wanda Cintron–Valentin, Cabiya & Molero Law Office, PSC, San Juan, PR, for Plaintiffs.

Juan M. Frontera–Suau, Frontera Suau Law Officer, San Juan, PR, for Fuller Brush Co. of Puerto Rico, Inc., Benancio Lopez, Eduardo Escalera, defendants.

Roberto A. Fernandez–Quiles, Gonzalez Castaner & Morales Cordero Law Office, San Juan, PR, for Juan Carlos Padron, defendant.

## ORDER

PEREZ-GIMENEZ, District Judge.

ORDER granting in part and denying in part Motions to Dismiss, adopting Report and Recommendation.

## REPORT AND RECOMMENDATION

VELEZRIVE, United States Magistrate Judge.

### INTRODUCTION

Plaintiff Idiana Aguirre Vargas filed this action seeking damages against the above defendants on claims of sexual harassment by her employer, the Fuller Brush Company of Puerto Rico, Inc. ("Fuller") and some of its employees, including Juan Carlos Padrón ("Padrón"), as the alleged harasser, and Venancio López ("López") and Eduardo Escalera ("Escalera"), as executives of Fuller who failed to prevent Padrón's conduct and who created a hostile work environment. The claims fall under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Pendent supplemental jurisdiction under the laws of the Commonwealth of Puerto Rico are premised on the same alleged actions, to wit; Law 100 of June 30, 1959, 29 L.P.R.A. § 146; Law 17 of June 30, 1959, 29 L.P.R.A. § 155; Law 69 of July 6, 1985, 29 L.P.R.A. § 1321; Law 80 of May 30, 1976, 29 L.P.R.A. § 185a; Law 2 of October 17, 1961, 32 L.P.R.A. § 3132; and Articles 1802 and 1803 of the P.R. Civil Code, 31 L.P.R.A. § 5141 and § 5142.

Co-defendants Fuller, López and Escalera filed a Motion to Dismiss plaintiff's cause of action for lack of individual liability under Title VII. In essence, they argue neither of them is charged by plaintiff of engaging in any unlawful conduct of sexual nature and they were not named as parties in the charge filed with the Anti–Discrimination Unit of the Puerto Rico Department of Labor. Thus, plaintiff has failed to exhaust the administrative remedies. In addition, Fuller, López and Escalera contend there is no individual liability under Puerto Rico Laws 80, 100, 69 and 17 and the claims under Laws 100, 17 and 69 are time barred. Furthermore, they claim the allegations under Laws 100 and 80 should be dismissed because the application of the burden of proof established by both laws is in contravention of Fuller's due process right under the United States Constitution. Finally, they allege plaintiff's claims under Articles 1802 and 1803 of the Puerto Rico Civil Code are also time barred. (Docket No. 10).

Similarly, co-defendant Padrón filed a Motion to Dismiss claiming that individual defendants are not liable under Title VII and for failure to state a claim upon which relief could be granted. Fed. R.Civ. P. 12(b)(6). In essence, dismissal is sought under Title VII because the allegations in the complaint do not sustain a sexual harassment claim. Furthermore, Padrón argues, with no basis for federal subject matter jurisdiction, that this Court should not exercise supplemental jurisdiction and even if the exercise of supplemental jurisdiction is appropriate, the Court should dismiss the Commonwealth claims. (Docket No. 16).

Plaintiff submitted timely oppositions to both Motions to Dismiss. (Docket Nos. 21 and 22).

Both Motions to Dismiss were referred to this Magistrate Judge for report and recommendation (Docket No. 30).

### ANALYSIS

#### Motion to Dismiss and Standard under Rule 12(b)(6).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be

granted. Still, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991).

The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). The Court, need not accept a complaint's "'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (*citing Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)).

**Title VII Actions and Individual Defendants.**

Determining the meaning of the term "employer" is essential because Title VII is directed at "employers." Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day and any agent of such person." 42 U.S.C. § 2000-e. Therefore, because of "individual capacity", above co-defendants are not the employing entity, and it should be determined whether they can be held liable as agents of the employing entity. *Rivera Rodríguez v. Police Dept. of Puerto Rico*, 968 F.Supp. 783, 785 (D.Puerto Rico 1997); *Anonymous v. Legal Services Corporation of Puerto Rico*, 932 F.Supp. at 50 (D.Puerto Rico 1996) (stating that "resolution of the [individual liability] question

depends on how the 'and any agent' language is interpreted.").

■ The Court of Appeals for the First Circuit has no final disposition as to individual liability under Title VII, *but see Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 951–52 (1st Cir.1995) (*leaving* the question open) and *Serapión v. Martínez*, 119 F.3d 982, 992 (1st Cir.1997). More so, in a recent case there is a limited pronouncement on this issue, which seems to outline the path that may be soon followed. *See Vélez v. Awning Windows, Inc.*, 375 F.3d 35, 42 n. 5 (1st Cir.2004), indicating that the law does not provide for supervisory liability under Title VII may be true, but that the state statute still imposes liability on supervisors for acts of sexual harassment. *See Mejías Miranda v. BBII Acquis'n Corp.*, 120 F.Supp.2d 157 (D.Puerto Rico 2000) (no personal liability can attach to agents and supervisors under Title VII or the ADEA); *Acevedo Vargas v. Colón*, 2 F.Supp.2d 203, 205 (D.Puerto Rico 1998) (referring to the EEOC guidelines which establish the criteria for determining when unwelcome conduct of a sexual nature constitutes sexual harassment for purposes of Section 703 of Title VII). Therefore, Title VII is the applicable federal cause of action addressing claims for sexual harassment in the workplace as to an employer.

Numerous Circuit Courts of Appeals have likewise held that no personal liability can be attached to agents or supervisors under Title VII. *Serapión*, 119 F.3d at 982 (*declining* to address the issue of individual liability); *see Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir. 1998) (*citing Williams v. Banning*, 72 F.3d 552 (7th Cir.1995), where no individual liability under Title VII was found); *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir.1998) (*finding* no individual liability under Title VII); *Wathen v. General Elec. Co.*, 115 F.3d 400, 405–06

(6th Cir.1997) (*same*); *Haynes v. Williams*, 88 F.3d 898 (10th Cir.1996) (*same*); *Dici v. Com. of Pa.*, 91 F.3d 542 (3rd Cir.1996) (*same*); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2nd Cir.1995) (*same*); *Gary v. Long*, 59 F.3d 1391 (D.C.Cir.1995) (*same*); *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377 (8th Cir. 1995) (*same*); *Smith v. Lomax*, 45 F.3d 402 (11th Cir.1995) (*same*); *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994) (*same*); *Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir.1993) (*same*).

On a similar vain, numerous cases in the District of Puerto Rico have already determined that no personal liability exists under Title VII and that individual defendants are not liable under Title VII. *See Vélez Sotomayor v. Progreso Cash & Carry, Inc.*, 279 F.Supp.2d 65 (D.Puerto Rico 2003); *Serapión*, 119 F.3d at 982; *Padilla–Cintrón v. Rosselló–González*, 247 F.Supp.2d 48 (D.Puerto Rico 2003); *Canabal v. Aramark Corp.*, 48 F.Supp.2d 94, 95–98 (D.Puerto Rico 1999); *Acevedo Vargas v. Colón*, 2 F.Supp.2d 203, 206 (D.Puerto Rico 1998); *Pineda v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88, 92–93 (D.Puerto Rico 1997); *Hernández v. Wangen*, 938 F.Supp. 1052 (D.Puerto Rico 1996); *Anonymous v. Legal Services Corp.*, 932 F.Supp. at 50–51. *And see Nieves v. Puerto Rico*, 2003 WL 22316560 (D.Puerto Rico 2003); *López Hernández v. Municipality of San Juan*, 206 F.Supp.2d 243 (D.Puerto Rico 2002); *Olivo González v. Teachers' Retirement Board*, 208 F.Supp.2d 163 (D.Puerto Rico 2002); *Castro Ortiz v. Fajardo*, 133 F.Supp.2d 143 (D.Puerto Rico 2001).

■ This Magistrate Judge agrees with numerous judicial reasoning within this District Court insofar Title VII's statutory structure suggests Congress did not intend to impose individual liability over supervisors or agents of employers. Had Congress intended to hold individuals liable, it would have addressed the actions and conditions that would subject them to liability. *Canabal*, 48 F.Supp.2d at 96. Tasks mandated to employers under Title VII are applicable to the corporate entities and not to individual supervisors. *See Hernández v. Wangen*, 938 F.Supp. at 1060 (*noting* that tasks such as maintaining records that shed light on potential unlawful employment practices and posting notices about the provisions of Title VII in conspicuous places on the work premises are undoubtedly tasks associated with corporate entities, not individuals.).

Accordingly, it is recommended that the Motions to Dismiss be GRANTED insofar as plaintiff's claim under Title VII against co-defendants López, Escalera and Padrón for lack of individual liability under Title VII.

**Failure to Exhaust Administrative Remedies.**

Co-defendants López and Escalera claim plaintiff failed to exhaust the administrative remedies inasmuch she failed to name them as responsible parties in her charge of employment discrimination before the EEOC under Title VII nor were they notified of said charge.

Plaintiff's opposition submits she timely filed a charge of employment discrimination with the Anti–Discrimination Unit of the Puerto Rico Department of Labor and, following investigation, she received the right to sue letter from the EEOC and timely filed the lawsuit within the required ninety (90) days from receipt of same.

Since co-defendants' claims under Title VII are to be dismissed for lack of individual liability, there is no need at this time for an in-depth discussion of the request for dismissal on grounds plaintiff failed to meet the procedural requirements before the EEOC and thus exhaust available ad-

ministrative remedies under the Title VII claim.

## Co-defendant Padrón's Request for Dismissal for Lack of Showing of a Sexual Harassment Claim under Title VII and Puerto Rico Laws.[1]

Co-defendant Padrón asks this Court to dismiss plaintiff's claims against him under Title VII and Puerto Rico Laws on the basis that the single incident of sexual harassment alleged in the complaint is not enough to state a cognizable claim of sexual harassment.

Plaintiff's opposition reinstates the allegations raised in the complaint against co-defendant Padrón, who is charged with directly engaging in sexual harassment and subsequent constructive discharge, violations of her civil rights under Title VII and the anti-discrimination state laws.

To survive a motion to dismiss plaintiff needs only to submit in the complaint a short, plain statement of the claim that would show entitlement to relief so that the defendant receives fair notice of what the plaintiff's claim is and the grounds upon which it rests. Fed.R.Civ.P. 8. See *Conley v. Gibson,* 355 U.S. 41 at 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80.

■ The instant complaint submits that on October 4, 2001 co-defendant Padrón phoned plaintiff and told her he wanted to interview her that day for a promotion within the Fuller Company. Padrón explained the interview would take place at the Campomar restaurant around 5:00 PM. When plaintiff arrived at the Campomar restaurant, Padrón was already there and asked her to sit at the table besides him. Padrón offered plaintiff a drink and tried to hold her hand. Plaintiff refused the drink and "managed to avoided [sic] Mr. Padrón's hand." Not withstanding plaintiff's rejection, "he [Padrón] continued to engage in personal matters questioning her in regards to where she went during her 'free time' ('tiempo libre') and if she had a boyfriend ('novio')." Plaintiff told him that she had a boyfriend and Padrón commented that "he had arrived late ('llegué tarde') in her life." At that point, plaintiff became uneasy regarding the personal nature of the questions and she told Padrón that she understood the meeting would be work related. Padrón then told plaintiff there was an opening in his area, the person selected would be his right hand and there would be a raise in salary. Then, Padrón informed plaintiff that in exchange for her promotion, "he expected sexual favors, specifically that she would have to 'sleep' ('acostarse') with him." Plaintiff was shocked, surprised and offended. Plaintiff told Padrón she did not expect this kind of conduct from an executive of Fuller and his conduct was disrespectful and offensive. Upon plaintiff's reaction, Padrón "assumed a retaliatory and hostile attitude and in a threatening manner told her [plaintiff] that 'no woman had rejected his offers before and that she would not be the exception'; that she should think about his offer and that she should not let a 'juicy' ('jugosa') promotion slip by." Plaintiff stood from the table and left. As plaintiff was leaving, Padrón told her "that if she changed her mind about his offer, that she should call him."

Plaintiff indicates these actions, as described above, were considered offensive, she felt disgusted, caused her to immediately reject the proposal, made her felt

---

1. At first glance, it seems there is no need for this Magistrate Judge to discuss this issue inasmuch it has been recommended herein that the claims under Title VII as to co-defendants Padrón, López and Escalera be dismissed for lack of individual liability. Nonetheless, since co-defendant Padrón is requesting the dismissal of plaintiff's claims against him, for failure to state a cognizable claim of sexual harassment, both under Title VII and *Puerto Rico Laws,* we need to discuss this issue.

nervous and anxious. Plaintiff had to seek medical attention the following weekend and the doctor prescribed medications to lower her anxiety.

Plaintiff further states she informed the other co-defendants López and Escalera of the incident and they met with her and Padrón to discuss the episode and nothing was done. Plaintiff claims the three (3) co-defendants asked her to "keep quite" in order not to harm Fuller's reputation. Padrón offered plaintiff, with the knowledge and consent of López and Escalera, a written excuse or letter for his actions in exchange for a written release and waiver of rights by plaintiff. Plaintiff avers that no relief was offered and instead, a hostile work environment was created, as for example, plaintiff was threatened with dismissal after she informed her sexual harassment complaint. Finally, plaintiff claims she was forced to leave her job and income, thus being constructively discharged.

As summarized above, plaintiff has submitted in the complaint claims that provide details of the incident at the Campomar restaurant, other incidents and actions which ensued afterwards by the three (3) co-defendants, and dates, that would survive a request for dismissal under Fed. R.Civ.P. 12 of a sexual harassment discrimination claim while working at Fuller. The complaint also submits a well-pleaded version of plaintiff's numerous complaints of co-defendant Padrón's acts, that resulted in retaliation because of her refusal to accept the sexual advances made and/or for engaging in the filing of complaints and/or grievances against said co-defendant.

Moreover, a claim of sexual harassment and employment discrimination, as referred above may rise to a civil rights violation under § 1983 and/or for relief under § 1981a.

In view of the foregoing, it is recommended that co-defendant Padrón's request for dismissal for lack of showing of a sexual harassment claim under Title VII and Puerto Rico Laws be DENIED.

**Individual Liability under Puerto Rico Laws 80, 100, 69 and 17.**

Co-defendants Fuller, López and Escalera contend there is no individual liability under Puerto Rico Laws 80, 100, 69 and 17. (Docket No. 10). Plaintiff's Opposition fails to argue this issue in detail. (Docket No. 22).

**A. Puerto Rico Law 80.**

In *Flamand v. American. Intern. Group. Inc.*, 876 F.Supp. 356, 364 (D.Puerto Rico 1994), this Court explicitly held supervisors are not employers under Puerto Rico Law 80 explaining there is no explicit definition for "employer" under Law 80 for severance pay. Additionally, the Court reasoned that the only remedies available under Law 80 is the salary the employee may have earned, the salary corresponding to one month as indemnity, and an additional indemnity equal to one week for each year in employ. Therefore, because the remedy is based on wages, and because it does not make sense that a supervisor should pay wages to an employee, this Court found that supervisors are not "employers" under 29 L.P.R.A. § 185a. Accordingly, the Court ruled that the individual defendants were not "employers" under Law 80. See also, *Pacheco Bonilla v. Tooling & Stamping, Inc.*, 281 F.Supp.2d 336, 339 (D.Puerto Rico 2003) (*same*); *Mandavilli v. Maldonado*, 38 F.Supp.2d 180, 205 (D.Puerto Rico 1999) (*same*).

In the absence of any contrary guidance from the Puerto Rico Supreme Court, this Magistrate Judge sees no reason not to follow the holding in *Flamand.* Thus, since there is no individual liability against

co-defendants López and Escalera under Puerto Rico Law 80, it is recommended that López and Escalera's Motion to Dismiss the claims under Law 80 BE GRANTED.[2]

### B. Puerto Rico Law 100.

The Puerto Rico Supreme Court has expressly considered the question of supervisor liability under Law 100. In *Rosario Toledo v. Distribuidora Kikuet, Inc.*, 2000 WL 943550, 2000 JTS 108 (2000), the Court held that, different from the most popular interpretation of Title VII, Puerto Rico's law against discrimination in the workplace, Law 100, does provide for the imposition of supervisor liability on the president of a corporation when he is the supervisor of the plaintiff, and is personally responsible for causing the plaintiff's injury. The Court's holding, in fact, was later extended, via reconsideration, to include not only the actual employer, or the owner and the president of the corporation, but also any other person responsible for the illegal conduct, without any distinction. *Id.; see also Pacheco Bonilla v. Tooling & Stamping, Inc.*, 281 F.Supp.2d 336 at 339–340.

■ Taking the allegations of the complaint as true, it is clear co-defendant Padrón was the alleged harasser. Nonetheless, co-defendants López and Escalera are blamed by plaintiff for being executives of Fuller who failed to prevent Padrón's conduct and who created a hostile work environment. Therefore, according to the complaint, co-defendants López and Escalera are also responsible for the illegal conduct. Thus, given the Puerto Rico Supreme Court's clear determination on this issue, it is recommended that co-defendants López and Escalera's Motion to Dismiss the claims under Law 100 be DENIED.

### C. Puerto Rico Laws 69 and 17.

Law 69 deals with discrimination in employment on the basis of sex. According to the Supreme Court of Puerto Rico, sexual harassment is a form of discrimination on the basis of sex proscribed by Law 100. *Delgado Zayas v. Hospital Interamericano de Medicina Avanzada*, 137 P.R. Dec. 643, 651, 1994 WL 908890 (1994). In spite of this, the Puerto Rico legislature passed Law 17 prohibiting sexual harassment. *Id.* Because the Supreme Court of Puerto Rico has held sexual harassment under Law 17 is a form of sex discrimination, it follows that Law 69's prohibition on sex discrimination in employment also overlaps with Law 17's prohibitions.

We look to Law 100 by analogy to determine whether Law 17 and Law 69 support individual liability. Law 17, Law 69, and Law 100 serve virtually identical purposes and outlaw virtually identical behaviors. In fact, Law 17 and Law 69 are merely amplifications of principles already contained in Law 100, which allows individual liability pursuant to the Puerto Rico Supreme Court's decision in *Rosario Toledo*, 2000 JTS at 193.

■ Accordingly, Law 17 and Law 69 are, according to the canons of statutory construction, to be interpreted in *pari materia* with Law 100. *See Beauchamp v. Holsum Bakers*, 116 P.R. D. 522, 526–27, 1985 WL 301220 (1985) (setting forth that laws covering the same matter or object should be interpreted in *pari materia*, allowing the clear part of one statute to illuminate unclear parts of another). *See also Suárez Ruiz v. Figueroa Colón*, 145 D.P.R. 142 (1998) (stating that Law 17 and Law 69 represent more specific prohibitions of what is already prohibited by Law 100 and that all three statutes form a

---

**2.** If co-defendant Padrón would have submitted a similar petition for dismissal of the claims made under Puerto Rico Law 80, the same ruling should follow.

single legislative scheme to create a public policy against sex discrimination); *Vélez Miranda v. Servicios Legales de Puerto Rico, Inc.,* 144 D.P.R. 673 (1998) (holding that Law 17 makes express the prohibition on sexual harassment and serves the same purpose as Law 100); *Sánchez v. Autoridad de Energía Eléctrica,* 142 D.P.R. 880 (1997) (asserting that sexual harassment is a form of sex discrimination prohibited by Law 100); *Delgado Zayas,* 137 P.R. Dec. at 651; *Rodríguez Meléndez v. Supermercado Amigo, Inc.,* 126 P.R. Dec. 117, 124 (1990) (same).

In view of the foregoing, this Magistrate Judge concludes that Law 17 and Law 69 do support individual liability as Law 100 also does. Accordingly, and in light of our recommendation as to Law 100, it is recommended that co-defendants López and Escalera's Motion to Dismiss the Law 69 and Law 17 claims be DENIED.

### Timeliness of Plaintiff's Claims against Co–Defendants López and Escalera.

#### A. Puerto Rico Laws 100, 69 and 17.

Co-defendants López and Escalera contend that claims under Puerto Rico Laws 100, 69 and 17 are time-barred by the one year statute of limitations. Plaintiff has failed to address this issue in her Opposition.

■ The Supreme Court of Puerto Rico has held that the one-year statute of limitations found in Article 1868 of the Puerto Rico Civil Code applies to Law 100 claims. *Olmo v. Young & Rubicam of P.R., Inc.,* 110 P.R. Dec. 740 (P.R.1981); *Matos Ortiz v. Commonwealth of Puerto Rico,* 103 F.Supp.2d 59, 63–64 (D.Puerto Rico 2000). A cause of action under Law 100 accrues on the date that the employee becomes aware of the adverse personnel action either through notification by the 'employer, see *American Airlines v. Cardoza–Rodriguez,* 133 F.3d 111, 124–125 (1st Cir.1998), or the effectuation of the decision. See

*Landrau–Romero v. Banco Popular De Puerto Rico,* 212 F.3d 607, 615 (1st Cir. 2000) ("Law 100 ... has a statute of limitations of one year.") (citing *Iglesias v. Mut. Life Ins. Co. of N.Y.,* 156 F.3d 237, 240 (1st Cir.1998)).

■ Additionally, the filing of a claim with the Anti–Discrimination Unit of the Puerto Rico Department of Labor constitutes an extrajudicial claim. See *León–Nogueras v. University of Puerto Rico,* 964 F.Supp. 585, 587–88 (D.Puerto Rico 1997). Once the plaintiff has filed the claim and notified the employer-defendant of its filing, the one-year prescriptive period is suspended throughout the duration of the administrative proceedings and until the employer-defendants are notified of the agency's decision. *Delgado Graulau v. Pegasus Communications of Puerto Rico,* 130 F.Supp.2d 320, 334 (D.Puerto Rico 2001); *Padilla Cintrón v. Rosselló,* 247 F.Supp.2d 48, 55–56 (D.Puerto, Rico 2003).

In *Rodríguez Torres v. Caribbean Forms Manufacturer,* 286 F.Supp.2d 209 (D.Puerto Rico 2003), this Court re-enforced its prior opinion in *León–Nogueras,* 964 F.Supp. 585, 587–88, that the same logic regarding the tolling and suspension of the prescriptive period applicable to Law 100 is also apposite with respect to its sister cause of action under Law 69.

Similarly and by analogy, the one year statute of limitations should also apply to Law 17. See *Sánchez,* 97 JTS at 45.

■ Here, the last discriminatory act based on sex discrimination against plaintiff was on November 6, 2001, date on which plaintiff's claim accrued. On June 5, 2002, plaintiff filed the administrative charge with the Anti–Discrimination Unit of the Puerto Rico Department of Labor against Fuller and co-defendant Padrón, but failed to include and file the claim against co-defendants López and Escalera.

(See Exhibits to Docket No. 10). On September 29, 2003, plaintiff filed the present suit and included López and Escalera as co-defendants. Since co-defendants López and Escalera were not included by plaintiff in her administrative claim, the statute of limitations against co-defendants López and Escalera was not tolled as to Laws 100, 69 and 17. Thus, the claims against them under Laws 100, 69 and 17 statutes cannot continue as they are time barred.[3]

Accordingly, it is recommended that López and Escalera's Motion to Dismiss the Laws 100, 69 and 17 claims for untimeliness be GRANTED.

### B. Articles 1802 and 1803 of the Puerto Rico Civil Code.

Co-defendants López and Escalera also argue that Plaintiffs' claims under Article 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 5141 and 5142, are time barred. (Docket No. 10). Plaintiff has failed to oppose this argument. (Docket No. 21).

 As previously mentioned, in *Padilla Cintrón*, 247 F.Supp.2d at 55–56, this Court held that the filing of an administrative claim with the Department of Labor or the EEOC tolls the applicable statute of limitations and suspends the running of the prescription term for claims brought under Title VII and Law 100 pending the ultimate determination of the extrajudicial proceeding. However, the effect of such an administrative filing is different with respect to claims brought under Article 1802. *Id.* Instead, while the administrative claim tolls the applicable statute of limitations, the pendency of administrative proceedings does not prevent the prescriptive term from running anew from the date

that the administrative complaint is filed. *Rodríguez Torres*, 286 F.Supp.2d at 215. The normal effect of a single extrajudicial claim, such as an administrative charge, is to toll the statute of limitations and thus to start it running again. However, the pendency of administrative proceedings does not prevent the period from running. Therefore, if no further action is taken, upon the expiration of the new period the cause of action will be barred. *León–Nogueras*, 964 F.Supp. at 588.

In its analysis of Puerto Rico tolling law, the Court in *León–Nogueras* noted that: "the Supreme Court of the Commonwealth of Puerto Rico has held that the filing of an administrative charge will not toll the running of the statute of limitations for a tort action, even if the tort arises from the same event which gave rise to the administrative complaint, because the administrative agency had no jurisdiction over tort claims." 964 F.Supp. at 588 (citing *Cintrón v. E.L.A.*, 127 P.R.Dec. 582, 595–596 (1990)). *See also Iravedra v. Public Building Authority*, 283 F.Supp 2d 570, 577 (D.Puerto Rico 2003).

The prescriptive period applicable to Article 1802 claims is one year. Article 1868 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5298. In addition, this one-year period is applicable to actions brought pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code. See *Padilla Cintrón*, 247 F.Supp.2d at 54; *Matos Ortiz*, 103 F.Supp.2d at 63 (citing *Olmo*, 110 P.R. Dec. at 745–48).

In the present case, the last discriminatory act against plaintiff took place on November 6, 2001, pursuant to her administrative claim. Plaintiff filed her adminis-

---

**3.** We need not consider the issue of failure to exhaust administrative remedies because there is no requirement of exhaustion of administrative remedies for claims filed under pendent jurisdiction under the local anti-discrimination statutes of Puerto Rico. *Acevedo–Martínez v. Coatings, Inc. & Co.*, 286 F.Supp.2d 107 (D.Puerto Rico 2003) (*citing Pérez Cordero v. Wal–Mart PR. Inc.*, 235 F.Supp.2d 95, 101 (D.Puerto Rico 2002)).

trative claim on June 5, 2002. Under the analysis above explained, the one year statutes of limitation under Article 1802 would have started anew on the day of the filing of the administrative claim. Nonetheless, plaintiff did not file the administrative claim against co-defendants López and Escalera. Accordingly, there was no interruption of the one year statutes of limitation in this case for a tort claim and the same did not start anew on the date of the filing of the administrative claim for co-defendants López and Escalera. As such, the one year statutes of limitation for any tort claim against co-defendants López and Escalera expired on November 6, 2002, one year after plaintiff's claim accrued on the day of the last discriminatory act. Plaintiff filed this suit on September 29, 2003. Hence, more than one year clearly passed from the date plaintiff's claim accrued and the date she filed this suit against co-defendants López and Escalera.

Consequently, it is recommended that co-defendants López and Escalera's Motion to Dismiss claims under Articles 1802 and 1803 of the Puerto Rico Civil Code for being time barred be GRANTED.

## Co-defendants López and Escalera's Allegation that the Application of Laws 100 and 80 Burden Shift Framework is Unconstitutional.

There is no need for this Magistrate Judge to discuss this issue inasmuch it has been recommended herein that the claims under Law 80 against co-defendants López and Escalera be dismissed for lack of individual liability and the claims under Law 100 against these two co-defendants be

also dismissed because they are time barred.

## Pendent State Claims as to Co-defendant Padrón.

Co-defendant Padrón indicates, without any argument, that with no basis for federal subject matter jurisdiction, this Court should not exercise supplemental jurisdiction and even if the exercise of supplemental jurisdiction is appropriate, the Court should dismiss the Commonwealth claims. (Docket No. 16).

■■■ Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Confederación Laborista De Puerto Rico v. Cervecería India, Inc.*, 607 F.Supp. 1077, 1081 (D.Puerto Rico 1985).[4]

■■ In *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130, the Supreme Court ruled a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates a case properly

---

4. See *Ponce Federal Bank v. The Vessel "Lady Abby"*, 980 F.2d 56 (1st·Cir.1992) (Non-federal claim against a person not otherwise a party in a case is sufficiently related to an admiralty claim to permit assertion of pendent party jurisdiction if state law claim against additional party arises out of common nucleus of operative facts with admiralty claim and resolution of factually connected claims in single proceeding would further interests of conserving judicial resources and fairness to parties).

belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *See Martínez v. Colón*, 54 F.3d 980, 990 (1st Cir.1995).

■■■ The preferred approach is pragmatic and case-specific. Thus, in "an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995); *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996).

■■■ The exercise of pendent jurisdiction is discretionary, and the remaining claims in this litigation against co-defendant Padrón are very closely linked to the events and to the evidence to be presented as to the employer Fuller.[5] Thus, upon an assessment of judicial economy and fairness to litigants, it is recommended that this Court exercises pendent jurisdiction as to plaintiff's claims under state law against co-defendant Padrón.[6]

## CONCLUSION

In sum, it is recommended that the Motions to Dismiss be GRANTED insofar as plaintiff's claim under Title VII against co-defendants Padrón, López and Escalera for lack of individual liability under Title VII. In addition, it is recommended that co-defendant Padrón's request for dismissal for lack of showing of a sexual harass-ment claim under Title VII and Puerto Rico laws be DENIED. Furthermore, it is recommended that co-defendants López and Escalera's Motion to Dismiss claims under Puerto Rico Laws 80, 100, 17 and 69 and under Articles 1802 and 1803 of the Puerto Rico Civil Code be GRANTED. Finally, it is recommended that pendent state claims against co-defendant Padrón, be retained.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

August 13, 2004.

---

**5.** *Rodríquez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995); See also *Flowers v. Fiore*, 359 F.3d 24, 28 (1st Cir.2004).

**6.** The Supreme Court of Puerto Rico recently found that under Puerto Rico Law Nos. 17, 69 and 100, an agent, official, administrator or supervisor of a business can be found person-ally liable for violations of the aforementioned laws, to include claims of sexual harassment. *Rosario Toledo v. Distribuidora Kikuet, Inc.*, — D.P.R. ——, 2000 WL 943550 at *5 (P.R. 2000). See *Mejias Miranda v. BBII Acquisition Corp.*, 120 F.Supp.2d 157, 172 (D.Puerto Rico 2000).