**Elizabeth PACHECO BONILLA**
**Plaintiff**

v.

**TOOLING & STAMPING, INC.;**
**et al. Defendants**

**No. CIV. 02–2065(SEC).**

United States District Court,
D. Puerto Rico.

Sept. 9, 2003.

Arturo Luciano–Delgado, Esq, San Juan, PR, for Plaintiff.

Guillermo J. Ramos–Luina, Esq., Ruina, Tulla & Ferrer, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

The case before us is an action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, alleging that Plaintiff was sexually harassed by Defendant Felipe Hernández (Hernández), her supervisor, and manager and owner of Defendant Tooling and Stamping, Inc. (Tooling). On September 10, 2002 Defendant Hernández, his wife and the conjugal partnership constituted by them, filed a motion to dismiss (**Docket # 5**), arguing that the causes of action against them in their personal capacity should be dismissed because no individual liability attaches to supervisors under either Title VII or Puerto Rico Law No. 80 of May 30, 1976, as amended, 29 P.R. Laws Ann. §§ 185a *et seq.* Plaintiff has filed an opposition to said motion (**Docket # 11**) in which they argue that individual liability under Title VII exists when the supervisor in question is effectively an alter ego of the corporate employer, and that Puerto Rico Law No. 100 of June 30, 1959, as amended, 29 P.R. Laws Ann. §§ 146 *et seq.*, does impose supervisor liability. The Court then referred the motion to U.S. Magistrate Judge Gustavo Gelpí for his Report and Recommendation (**Docket # 13**). The Magistrate issued his report on July 31, 2003 (**Docket # 15**). In it, the Magistrate recommended that Defendants' motion be granted as to the Commonwealth law cause of actions, but denied as to the Title VII action, pursuant to the alter ego theory. Defendants then duly filed some objections to the Report and Recommendation (**Docket # 17**), arguing that the Magistrate had erred in some of his determinations.

### Standard of Review

While the Court is not required to review any issue raised or resolved in a Magistrate's report that is not the subject of a timely objection by the parties in the case, once an objection is raised, "[a] judge of the [district] court shall make a *de novo* determination of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). These objections must be filed in a timely manner and in accordance with the rules of the Court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 510(2).

The Court has reviewed all of the parties' filings, as well as the Magistrate's report. Defendants specifically object to the part of the report concluding that individual liability under Title VII attaches pursuant to the alter ego doctrine. The Court has also considered the rest of the Magistrate's report and will consider the propriety of a dismissal of the Commonwealth law claims.

### Individual Liability Under Title VII—The Alter Ego Doctrine

■ The Court has again reviewed the case law regarding individual liability under Title VII. The issue of individual liability under Title VII, although not yet decided by the First Circuit Court of Appeals, has been reached on several occasions by the District Court of Puerto Rico; and, with one notable exception, this Court has decided to follow the majority of other federal courts by interpreting the statute against the imposition of individual liability. *See Maldonado–Cordero v. AT & T,* 73 F.Supp.2d 177, 184 (D.P.R.1999) (holding that "Title VII's language and legislative history do not support holding individuals liable under the statute"); *Canabal v.*

*Aramark Corp.,* 48 F.Supp.2d 94, 96 (D.P.R.1999) (same); *Acevedo–Vargas v. Colon,* 2 F.Supp.2d 203, 206 (D.P.R.1998) (same); *Pineda v. Almacenes Pitusa, Inc.,* 982 F.Supp. 88, 92–93 (D.P.R.) (same); *Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico,* 952 F.Supp. 72, 73 (D.P.R.1997) (same); *Hernandez v. Wangen,* 938 F.Supp. 1052, 1063 (D.P.R.1996) (same).

■ However, on one occasion, this Court carved out an exception to the above-described rule. In *Santiago v. Lloyd,* 33 F.Supp.2d 99, 103–104 (D.P.R. 1998), this Court embraced a doctrine of alter ego individual liability which has been developed by sister courts in other Circuits. Under the alter ego doctrine, a supervisor may be held liable under Title VII as an "employer" when "the supervisor's role is more than that of a mere supervisor but is actually identical to that of the employer." *Curcio v. Chinn Enterprises, Inc.,* 887 F.Supp. 190, 193–194 (N.D.Ill.1995). The rationale behind this doctrine is basically the same rationale present when a court pierces the corporate veil or determines that a party is an alter ego of a corporation. In the cases where the doctrine is applied, the courts have found that the supervisor is effectively the corporation for all purposes of control over the decision-making processes that led to the plaintiff's injuries. Such is the case of closely-held corporations where the president and majority owner of the corporation is also the person in charge of the day-to-day operations and the supervisor of the plaintiff. We find this logic compelling, and will therefore follow this Court's prior holding in *Santiago.*

In *Curcio,* the court held that an individual, as president, controlling shareholder, and head of management with supervisory authority, can be held liable as an "employer" under Title VII as the alter ego of

the corporation, when the following factors, *inter alia*, weighed in favor of doing so: the supervisor's control over the employing entity, his/her decision-making power, and whether the supervisor left any avenue for employees to object to his conduct. *Id.* Following *Curcio*'s lead, this Court, in *Santiago*, held a supervisor liable when it found that his role was more than that of a mere supervisor, as he was president and 50% shareholder of the corporation, controlled internal operations, and was the main decision-maker of the office where the plaintiff worked. *Santiago*, 33 F.Supp.2d at 103–104.

Other courts have also applied the alter ego doctrine where the individual supervisor had an ownership stake in the employing entity. *Canabal v. Aramark Corp.*, 48 F.Supp.2d 94 (D.P.R.1999). For its part, the court for the Eastern District of New York has also established its own two-pronged test for imposing individual liability under Title VII pursuant to the alter ego doctrine: 1) the supervisor must exercise such dominion and control with respect to the transaction attacked that the corporation had no separate will of its own; and 2) the domination and control must have been used to commit a wrong against the plaintiff, which proximately caused the plaintiff's injuries. *Lane v. Maryhaven Center of Hope*, 944 F.Supp. 158 (E.D.N.Y. 1996).

In the case before us, Plaintiff has alleged that Defendant Hernández was: the owner of the employer corporation, the manager of the company, the one who made decisions regarding personnel, Plaintiff's supervisor, and the person sexually harassing Plaintiff. Under these circumstances, we agree with the Magistrate that Defendant Hernández was indeed the alter ego of Defendant Tooling for the purposes of imposing individual liability under Title VII, and will deny this part of Defendants' motion.

**Individual Liability Under Laws 80 and 100**

■ First, we should dispose of the matter regarding Law 80. None of the parties actually disputes that there is no individual supervisor liability under Puerto Rico's Law 80 for wrongful termination. In fact, this question has already been addressed by this Court. In *Flamand v. American International Group, Inc.*, 876 F.Supp. 356 (D.P.R.1994), this Court explicitly held that supervisors are not employers under Puerto Rico Law 80. In the absence of any contrary guidance from the Puerto Rico Supreme Court, we see no reason to reconsider the holding in *Flamand*. As such, we agree with the Magistrate's recommendation and will proceed to dismiss the claims under Law 80.

■ On the other hand, the Puerto Rico Supreme Court has expressly considered the question of supervisor liability under Law 100. In *Rosario Toledo v. Distribuidora Kikuet, Inc.*, 2000 WL 943550, 2000 TSPR 107 (P.R. June 29, 2000), the Court held that, different from the most popular interpretation of Title VII, Puerto Rico's law against discrimination in the workplace, Law 100, does provide for the imposition of supervisor liability on the president of a corporation when he is the supervisor of the plaintiff, and is personally responsible for causing the plaintiff's injury. The Court's holding, in fact, was later extended, *via* reconsideration, to include not only the actual employer, or the owner and the president of the corporation, but also any other person responsible for the illegal conduct, without any distinction. *Rosario Toledo v. Distribuidora Kikuet, Inc.*, 2000 TSPR 193.

Given the Puerto Rico Supreme Court's clear determination on this issue, we have to disagree with the Magistrate's recommendation that the Law 100 claims be dismissed. Accordingly, we will not adopt

his report as to this issue, and will deny this portion of Defendants' motion to dismiss.

### Conclusion

For all the reasons discussed above, the Magistrate's Report and Recommendation (Docket # 15), **as to the issue of individual liability under Title VII and Law 80,** is hereby **APPROVED** and **ADOPTED** as our own. On the other hand, we will not adopt his report as to the issue of supervisor liability under Law 100. Accordingly, Defendants' motion is **DENIED** as to the causes of action under both Title VII and Law 100. On the other hand, the motion is **GRANTED** as to the claims brought against Defendants Felipe Hernández, his wife, and the conjugal partnership constituted by them, under Law 80, and these claims will be **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**