Zuania **MIRO MARTINEZ,** Plaintiff,

v.

**BLANCO VELEZ STORE, INC.,** Carlos Genzana and Hector Cabrera, Defendants.

No. Civ. 04–2260(HL).

United States District Court, D. Puerto Rico.

Sept. 2, 2005.

Juan M. Frontera–Suau, Frontera Suau Law Office, and Celina Romany–Siaca, Celina Romany Law Office, San Juan, PR, for Plaintiff.

Carlos M. Vergne–Vargas, Carlos M. Vergne Law Office, San Juan, PR, for Defendants.

## ORDER

LAFFITTE, District Judge.

Before the Court is Magistrate Judge Camille Vélez–Rivé's Report and Recommendation (Docket No. 17). In her thoughtful and comprehensive Report and Recommendation, Magistrate Vélez–Rivé recommends that the motion to dismiss filed by co-defendants Genzana and Cabrera be **DENIED** in part and **GRANTED** in part. Specifically, the Magistrate Judge concluded that plaintiff's claims against co-defendants Genzana and Cabrera under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981, and Puerto Rico's Law 80 of May 30, 1976, 29 L.P.R.A. § 185a (unjust dismissal) warranted dismissal given than neither of these statutes provide for individual liability. The Magistrate Judge, however, recommended that the Court deny the motion to dismiss as to plaintiff's claims under Puerto Rico Laws 100, 17, and 69, and therefore exercise supplemental jurisdiction over these claims. Defendants filed timely objections to the Magistrate Judge's Report and Recommendation. (Docket No. 18).

After a careful review of the record the Court finds no reason to disturb Magistrate Vélez–Rivé' well-reasoned Report and Recommendation. The Court agrees with the Magistrate Judge's conclusion that plaintiff has set forth enough proof to sustain a claim for sexual harassment under Title VII and the applicable Puerto

Rico laws at this juncture of the proceedings. In view of the aforementioned, the Court hereby **APPROVES** and **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, and **GRANTS** in part and **DENIES** in part defendant motion to dismiss (Docket No. 4). Plaintiff's claims under Title VII and Puerto Rico Law 80 against co-defendants Genzana and Cabrera are hereby **DISMISSED**. The Court will retain supplemental jurisdiction over the remaining state law claims against co-defendants Genzana and Blanco.

## REPORT AND RECOMMENDATION

VELEZRIVE, United States Magistrate Judge.

### INTRODUCTION

Plaintiff Zuania Miró Martínez filed this action seeking damages against the above defendants on claims of sexual harassment by her employer, the Blanco Vélez Store, Inc. ("Blanco") and some of its employees, including Carlos Genzana ("Genzana") and Héctor Cabrera ("Cabrera"), as the alleged harassers who created a hostile work environment. The claims fall under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 2000e and 42 U.S.C. § 1981 and Puerto Rico's sexual harassment statute, 29 L.P.R.A. § 155 et seq. Pendent supplemental jurisdiction under the laws of the Commonwealth of Puerto Rico are premised on the same alleged actions, to wit; Law 100 of June 30, 1959, 29 L.P.R.A. § 146 (sex discrimination); Law 17 of June 30, 1959, 29 L.P.R.A. § 155 (sexual harassment); Law 69 of July 6, 1985, 29 L.P.R.A. § 1321 (sex discrimination); Law 80 of May 30, 1976, 29 L.P.R.A. § 185a (unjust dismissal); Law 115 of December 20, 1991. 29 L.P.R.A. § 194 (retaliatory discharge); and Articles 1802 and 1803 of the P.R. Civil Code, 31 L.P.R.A. § 5141 and § 5142. (Docket No. 1).

Co-defendants Genzana and Cabrera filed a Motion to Dismiss plaintiff's cause of action for lack of individual liability under Title VII and failure to state a claim upon which relief can be granted, Fed. R.Civ. P. 12(b)(6). In essence, co-defendants Genzana and Cabrera argue they are not "employers" as defined by Title VII and accordingly, the Court lacks subject matter jurisdiction to entertain any federal claim against them. In addition, these co-defendants make a general allegation that, with no basis for federal subject matter jurisdiction, the reminder state law claims should also be dismissed because the Court would not have original jurisdiction over them. (Docket No. 4).

Plaintiff submitted an Opposition to the Motion to Dismiss claiming co-defendants Genzana and Cabrera were the alleged harassers and there is individual liability under state Laws 17, 69 and 100. As such, plaintiff moves the Court to deny the Motion to Dismiss. We note plaintiff does not contest in his Opposition co-defendants' allegation there is no individual liability under Title VII. (Docket No. 7).

On July 27, 2005, the Motion to Dismiss was referred to this Magistrate Judge for report and recommendation (Docket No. 16).

### MOTION TO DISMISS AND STANDARD UNDER RULE 12(B)(6).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Still, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991).

■■■ The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). The Court, need not accept a complaint's "'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (*citing Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)).

## ANALYSIS

### I. Individual Liability under Title VII.

■■■ Determining the meaning of the term "employer" is essential because Title VII is directed at "employers." Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day and any agent of such person." 42 U.S.C. § 2000e. Therefore, because of "individual capacity", co-defendants Genzana and Cabrera are not the employing entity, and it should be determined whether they can be held liable as agents of the employing entity. *Rivera Rodríguez v. Police Dept. of Puerto Rico*, 968 F.Supp. 783, 785 (D.Puerto Rico 1997); *Anonymous v. Legal Services Corporation of Puerto Rico*, 932 F.Supp. at 50 (D.Puerto Rico 1996) (stating that "resolution of the [individual liability] question depends on how the 'and any agent' language is interpreted.").

The Court of Appeals for the First Circuit has no final disposition as to individual liability under Title VII, *but see Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 951–52 (1st Cir.1995) (*leaving* the question open) and *Serapión v. Martínez*, 119 F.3d 982, 992 (1st Cir.1997). More so, in a recent case there is a limited pronouncement on this issue, which seems to outline the path that may be soon followed. *See Vélez v. Awning Windows, Inc.*, 375 F.3d 35, 42 n. 5 (1st Cir.2004), indicating that the law does not provide for supervisory liability under Title VII may be true, but that the state statute still imposes liability on supervisors for acts of sexual harassment. *See Mejías Miranda v. BBII Acquis'n Corp.*, 120 F.Supp.2d 157 (D.Puerto Rico 2000) (no personal liability can attach to agents and supervisors under Title VII or the ADEA); *Acevedo Vargas v. Colón*, 2 F.Supp.2d 203, 205 (D.Puerto Rico 1998) (referring to the EEOC guidelines which establish the criteria for determining when unwelcome conduct of a sexual nature constitutes sexual harassment for purposes of Section 703 of Title VII). Therefore, Title VII is the applicable federal cause of action addressing claims for sexual harassment in the workplace as to an employer.

Numerous Circuit Courts of Appeals have likewise held that no personal liability can be attached to agents or supervisors under Title VII. *Serapión*, 119 F.3d at 982 (*declining* to address the issue of individual liability); *see Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir. 1998) (*citing Williams v. Banning*, 72 F.3d 552 (7th Cir.1995), where no individual liability under Title VII was found); *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir.1998) (*finding* no individual liability under Title VII); *Wathen v. General Elec. Co.*, 115 F.3d 400, 405–06

(6th Cir.1997) (*same*); *Haynes v. Williams*, 88 F.3d 898 (10th Cir.1996) (*same*); *Dici v. Com. of Pa.*, 91 F.3d 542 (3rd Cir.1996) (*same*); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2nd Cir.1995) (*same*); *Gary v. Long*, 59 F.3d 1391 (D.C.Cir.1995) (*same*); *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377 (8th Cir.1995) (*same*); *Smith v. Lomax*, 45 F.3d 402 (11th Cir.1995) (*same*); *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994) (*same*); *Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir.1993) (*same*).

On a similar vein, numerous cases in the District of Puerto Rico have already determined that no personal liability exists under Title VII and that individual defendants are not liable under Title VII. *See Rivera Sánchez v. Autoridad de Enerqía Eléctrica*, 360 F.Supp.2d 302, 317 (D.Puerto Rico 2005); *Gómez González v. Guidant Corp.*, 364 F.Supp.2d 112 (D.Puerto Rico 2005); *Vargas v. Fuller Brush Co. of Puerto Rico*, 336 F.Supp.2d 134, 138 (D.Puerto Rico 2004); *Vélez–Sotomayor v. Progreso Cash & Carry, Inc.*, 279 F.Supp.2d 65 (D.Puerto Rico 2003); *Serapión*, 119 F.3d at 982; *Padilla Cintrón v. Rosselló González*, 247 F.Supp.2d 48 (D.Puerto Rico 2003); *Nieves v. Puerto Rico*, 2003 WL 22316560 (D.Puerto Rico 2003); *López Hernández v. Municipality of San Juan*, 206 F.Supp.2d 243 (D.Puerto Rico 2002); *Olivo González v. Teachers' Retirement Board*, 208 F.Supp.2d 163 (D.Puerto Rico 2002); *Castro Ortiz v. Fajardo*, 133 F.Supp.2d 143 (D.Puerto Rico 2001); *Canabal v. Aramark Corp.*, 48 F.Supp.2d 94, 95–98 (D.Puerto Rico 1999); *Acevedo Vargas v. Colón*, 2 F.Supp.2d 203, 206 (D.Puerto Rico 1998); *Pineda v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88, 92–93 (D.Puerto Rico 1997); *Hernández v. Wangen*, 938 F.Supp. 1052 (D.Puerto Rico 1996); *Anonymous v. Legal Services Corp.*, 932 F.Supp. at 50–51.

This Magistrate Judge agrees with numerous judicial reasoning within this District Court insofar Title VII's statutory structure suggests Congress did not intend to impose individual liability over supervisors or agents of employers. Had Congress intended to hold individuals liable, it would have addressed the actions and conditions that would subject them to liability. *Canabal*, 48 F.Supp.2d at 96. Tasks mandated to employers under Title VII are applicable to the corporate entities and not to individual supervisors. *See Hernández v. Wangen*, 938 F.Supp. at 1060 (*noting* that tasks such as maintaining records that shed light on potential unlawful employment practices and posting notices about the provisions of Title VII in conspicuous places on the work premises are undoubtedly tasks associated with corporate entities, not individuals.).

Accordingly, it is recommended the Motions to Dismiss be GRANTED insofar as plaintiff's claim under Title VII against co-defendants Genzana and Cabrera for lack of individual liability under Title VII.

## II. Individual Liability under Puerto Rico Laws 100, 69, 17 and 80.

Co-defendants Genzana and Cabrera make a general claim the dismissal of the federal claims entails the dismissal of the state law claims because the Court, without federal claims, would not have original jurisdiction to exercise supplemental jurisdiction over the state law claims. (Docket No. 4). In turn, plaintiff contends there is individual liability under Puerto Rico Laws 100, 69 and 17, as such, the Motion to Dismiss state law claims under Laws 100, 69 and 17 should be denied. Plaintiff does not address Law 80 as to this matter. (Docket No. 7).

### A. Puerto Rico Law 100.

■ The Puerto Rico Supreme Court has expressly considered the question of

supervisor liability under Law 100. In *Rosario Toledo v. Distribuidora Kikuet, Inc.*, 151 D.P.R. 634, 2000 WL 943550, 2000 JTS 108 (2000), the Court held that, different from the most popular interpretation of Title VII, Puerto Rico's law against discrimination in the workplace, Law 100, does provide for the imposition of supervisor liability on the president of a corporation when he is the supervisor of the plaintiff, and is personally responsible for causing the plaintiff's injury. The Court's holding, in fact, was later extended, via reconsideration, to include not only the actual employer, or the owner and the president of the corporation, but also any other person responsible for the illegal conduct, without any distinction. *Id.; see also Pacheco Bonilla v. Tooling & Stamping, Inc.*, 281 F.Supp.2d 336, 339–340 (D.Puerto Rico 2003); *Rosado Sostre v. Turabo Testing, Inc.*, 364 F.Supp.2d 144 (D.Puerto Rico 2005) (while First Circuit has not yet decided issue of individual liability under Title VII, individual employers or supervisors may be held personally liable under Puerto Rico's "Law 100," Title VII's local counterpart, for their discriminatory actions); *Mejías Miranda v. BBII Acquisition Corp.*, 120 F.Supp.2d 157, 172 (1st Cir.2000).

Taking the allegations of the complaint as true, it is clear co-defendants Genzana and Cabrera were the alleged harassers. Thus, given the Puerto Rico Supreme Court's clear determination on this issue, it is recommended co-defendants Genzana and Cabrera's Motion to Dismiss the state claims under Law 100 be DENIED.

### B. Puerto Rico Laws 69 and 17.

■ Law 69 deals with discrimination in employment on the basis of sex. According to the Supreme Court of Puerto Rico, sexual harassment is a form of discrimination on the basis of sex proscribed by Law 100. *Delgado Zayas v. Hospital Interamericano*, 137 P.R. Dec. 643, 651 (1994). In spite of this, the Puerto Rico legislature passed Law 17 prohibiting sexual harassment. *Id.* Because the Supreme Court of Puerto Rico has held sexual harassment under Law 17 is a form of sex discrimination, it follows that Law 69's prohibition on sex discrimination in employment also overlaps with Law 17's prohibitions.

■ We look to Law 100 by analogy to determine whether Law 17 and Law 69 support individual liability. Law 17, Law 69, and Law 100 serve virtually identical purposes and outlaw virtually identical behaviors. In fact, Law 17 and Law 69 are merely amplifications of principles already contained in Law 100, which allows individual liability pursuant to the Puerto Rico Supreme Court's decision in *Rosario Toledo*, 2000 JTS at 193.

Accordingly, Law 17 and Law 69 are, according to the canons of statutory construction, to be interpreted in *pari materia* with Law 100. *See Beauchamp v. Holsum Bakers*, 116 D.P.R. 522, 526–27, 1985 WL 301220 (1985) (setting forth that laws covering the same matter or object should be interpreted in *pari materia*, allowing the clear part of one statute to illuminate unclear parts of another). *See also Suárez Ruiz v. Figueroa Colón*, 145 D.P.R. 142 (1998) (stating that Law 17 and Law 69 represent more specific prohibitions of what is already prohibited by Law 100 and that all three statutes form a single legislative scheme to create a public policy against sex discrimination); *Vélez Miranda v. Servicios Legales de Puerto Rico, Inc.*, 144 D.P.R. 673 (1998) (holding that Law 17 makes express the prohibition on sexual harassment and serves the same purpose as Law 100); *Sánchez v. Autoridad de Energía Eléctrica*, 142 D.P.R. 880 (1997) (asserting that sexual harassment is a form of sex discrimination prohibited by

Law 100); *Delgado Zayas,* 137 P.R. Dec. at 651; *Rodríguez Meléndez v. Supermercado Amigo, Inc.,* 126 P.R. Dec. 117, 124 (1990) (same).

In view of the foregoing, this Magistrate Judge concludes Law 17 and Law 69 do support individual liability as Law 100 also does. Accordingly, and in light of our recommendation as to Law 100, it is recommended co-defendants Genzana and Cabrera's Motion to Dismiss the state claims under Law 69 and Law 17 be DENIED.

### C. Puerto Rico Law 80.

■ In *Flamand v. American Intern. Group, Inc.,* 876 F.Supp. 356, 364 (D.Puerto Rico 1994), this Court explicitly held supervisors are not employers under Puerto Rico Law 80 explaining there is no explicit definition for "employer" under Law 80 for severance pay. Additionally, the Court reasoned that the only remedies available under Law 80 is the salary the employee may have earned, the salary corresponding to one month as indemnity, and an additional indemnity equal to one week for each year in employ. Therefore, because the remedy is based on wages, and because it does not make sense that a supervisor should pay wages to an employee, this Court found that supervisors are not "employers" under 29 L.P.R.A. § 185a. Accordingly, the Court ruled that the individual defendants were not "employers" under Law 80. See also, *Pacheco Bonilla,* 281 F.Supp.2d at 339 *(same )*; *Mandavilli v. Maldonado,* 38 F.Supp.2d 180, 205 (D.Puerto Rico 1999) *(same )*.

In the absence of any contrary guidance from the Puerto Rico Supreme Court, this Magistrate Judge sees no reason not to follow the holding in *Flamand.* Thus, since there is no individual liability against co-defendants Genzana and Cabrera under Puerto Rico Law 80, it is recommended that Genzana and Cabrera's Motion to Dismiss the claims under Law 80 be GRANTED.

### III. Dismissal Request for Failure to State a Sexual Harassment Claim under Title VII and Puerto Rico Laws.[1]

Co-defendants Genzana and Cabrera ask this Court to dismiss plaintiff's claims against them under Title VII and Puerto Rico Laws on the basis the complaint fails to state a sexual harassment claim.

Plaintiff's opposition states that, taking the allegations of the complaint as true, it is clear co-defendants Genzana and Cabrera were the alleged harassers. Therefore, according to the complaint, these co-defendants are responsible for the illegal conduct and the Motion to Dismiss should be denied.

■ To survive a motion to dismiss plaintiff needs only to submit in the complaint a short, plain statement of the claim that would show entitlement to relief so that the defendant receives fair notice of what the plaintiff's claim is and the grounds upon which it rests. Fed.R.Civ.P. 8. See *Conley v. Gibson,* 355 U.S. 41 at 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80.

■ The instant complaint submits that, since plaintiff started working under the supervision of Genzana and Cabrera in 1998, they often made sexual demanding

---

1. At first glance, it seems there is no need for this Magistrate Judge to discuss this issue inasmuch it has been recommended herein the claims under Title VII as to co-defendants Genzana and Cabrera be dismissed for lack of individual liability. Nonetheless, since co-defendants Genzana and Cabrera are requesting the dismissal of plaintiff's claims against them, for failure to state a cognizable claim of sexual harassment, both under Title VII and *Puerto Rico Laws,* we need to discuss this issue.

jokes about female customers and they kept photos of women in bikinis and lingerie in the store tailor's room. In October 2001, the sexual comments began to escalate directly towards plaintiff specifically after she had breast implant surgery. Specific incidents of the alleged pattern of sexual harassment committed by Genzana and Cabrera as described in the complaint include the following: statements about how Genzana and Cabrera liked women with big butts; they had calendars with nude and semi-nude photos of women and compared the women's breasts with those of plaintiff; Cabrera insinuated to plaintiff to perform oral sex with him; Cabrera and Genzana tried to kiss plaintiff on the lips when she greeted them; Genzana slapped plaintiff in her buttocks several times; when plaintiff arrived with her hair wet they joked she smelled like a tiny soap because surely she was in a motel with her boyfriend; they asked plaintiff's boyfriend if he liked plaintiff's breast implants; Genzana told everyone at the store plaintiff had multiple sexual partners; on December 2002, Genzana and Cabrera gave plaintiff a Christmas gift of a pair of plastic women breasts wrapped in a gift paper full of stamped women breast; Cabrera talked that if plaintiff gave him the opportunity he would take her to a motel and have sex with her while he demonstrated how he would have sex with her; Genzana had a vibrator hidden in the store and made fun of plaintiff accusing her she had stolen it and used it until the battery ran off; during 2003, on at least two (2) occasions, while plaintiff was working in the store tailor room, Cabrera walked in holding his penis and told her they were alone and asked her to perform oral sex upon him; and Genzana and Cabrera talked openly about their sexual relations with their partners so plaintiff could hear them talking. (Docket No. 1).

Plaintiff indicates these actions, as described above, were at all times unwelcome and had the effect of creating an awkward and uncomfortable working environment for her. As a result of these events, plaintiff claims she developed a major depression and anxiety attacks and had to be hospitalized at MEPSI to receive emergency psychiatric treatment. (Docket No. 1).

Plaintiff further states she talked about this situation with Genzana and with Ms. Vanessa Pacheco, person in charge of Human Resources at Blanco, but nothing was done to protect her. Plaintiff claims she was left in the dark because Blanco had not given her any training nor had a sexual harassment policy in place nor procedure for her to abide by. Thus, plaintiff did not know of her rights and protections under the law. Furthermore, plaintiff avers Blanco affected her conditions of employment reducing her working hours and giving employees with less seniority in store better benefits and privileges. (Docket No. 1).

As summarized above, plaintiff has submitted in the complaint allegations which provide details of the incidents and actions by Genzana and Cabrera, and dates, that would survive a request for dismissal under Fed.R.Civ.P. 12 of a sexual harassment discrimination claim while working at Blanco. The complaint also submits a well-pleaded version of plaintiff's complaints of Genzana and Cabrera's acts, which resulted in the alleged retaliation affecting her conditions of employment after she filed for SINOT benefits and after filing charges before the Puerto Rico Anti-discrimination Unit on September 22, 2003.

■ Moreover, a claim of sexual harassment and employment discrimination, as referred above may rise to a civil rights violation under § 1983 and/or for relief under § 1981a.

In view of the foregoing, it is recommended co-defendants Genzana and Cabrera's request for dismissal for failure to state a sexual harassment claim under Title VII and Puerto Rico Laws be DENIED.

## IV. Pendent State Claims.

 Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Confederación Laborista De Puerto Rico v. Cervecería India, Inc.*, 607 F.Supp. 1077, 1081 (D.Puerto Rico 1985).[2]

 In *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130, the Supreme Court ruled a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. See *Martínez v. Colón*, 54 F.3d 980, 990 (1st Cir.1995).

 The preferred approach is pragmatic and case-specific. Thus, in "an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995); *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996).

 The exercise of pendent jurisdiction is discretionary, and the remaining claims in this litigation against co-defendant Genzana and Cabrera are very closely linked to the events and to the evidence to be presented as to the employer Blanco.[3] Thus, upon an assessment of judicial economy and fairness to litigants, it is recommended this Court exercises pendent jurisdiction as to plaintiff's claims under state law against co-defendants Genzana and Cabrera.

## CONCLUSION

For the above-stated reasons, its is recommended to the Court to **GRANT IN PART AND DENY IN PART** co-defendants Genzana and Cabrera's Motion to Dismiss of (Docket No. 4) and **DISMISS WITH PREJUDICE** plaintiff's Title VII claims and Law 80 claims against co-defendants Genzana and Cabrera for lack of individual liability. In addition, it is rec-

---

**2.** *See Ponce Federal Bank v. The Vessel "Lady Abby"*, 980 F.2d 56 (1st Cir.1992) (Non-federal claim against a person not otherwise a party in a case is sufficiently related to an admiralty claim to permit assertion of pendent party jurisdiction if state law claim against additional party arises out of common nucleus of operative facts with admiralty claim and resolution of factually connected claims in single proceeding would further interests of conserving judicial resources and fairness to parties).

**3.** *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995); See also *Flowers v. Fiore*, 359 F.3d 24, 28 (1st Cir.2004).

ommended co-defendants Genzana and Cabrera's request for dismissal for failure to state a claim for sexual harassment under Title VII and Puerto Rico laws and to dismiss state law claims under Puerto Rico Laws 100, 17 and 69 be **DENIED**. Finally, it is recommended the supplemental claims brought against co-defendants Genzana and Cabrera under state law remain active before the Court, along with all claims against co-defendant Blanco.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986). See *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round"). Aug. 15, 2005.