Marisela **RODRÍGUEZ RIVAS,**
et al., Plaintiff(s)

v.

**POLICE DEPARTMENT OF PUERTO RICO, et al., Defendant(s).**

**Civil No. 06–1197(JAG).**

United States District Court,
D. Puerto Rico.

Feb. 8, 2007.

Raúl S. Mariani–Franco, Mariani Franco Law Office, San Juan, PR, for Plaintiffs.

Francisco A. Ojeda–Diez, Harold A. Frye–Maldonado and Iris Alicia Martínez–Juarbe, P.R. Dept. of Justice–Federal Litigation, San Juan, PR, for Defendants.

## AMENDED OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Marisela Rodríguez Rivas ("Mrs.Rodriguez") is an officer of the Puerto Rico Police Department ("PRPD") assigned to the Police station in the town of Maunabo, P.R. Mrs. Rodríguez alleges that, while working in the Police station of Maunabo, she was the subject of harassment, discrimination and retaliation proffered by fellow police officers and co-defendants Martin Rivas Sepúlveda ("Sgt.Rivas"), Benjamín Santiago ("Lt.Cor.Santiago") and Carlos Rodríguez Torres ("Lt. Rodríguez Torres"). All of the co-defendants are of higher rank and are in charge of supervising Mrs. Rodríguez.

According to Mrs. Rodríguez, Sgt. Rivas sexually harassed her on several occasions beginning on May 21, 2003. In 2003, Mrs. Rodríguez allegedly filed an administrative sexual harassment claim against Sgt. Rivas at the PRPD headquarters located in San Juan, Puerto Rico. Notwithstanding the complaint, Mrs. Rodríguez contends that she continued to work with Sgt. Rivas, who constantly harassed her for several months until he was transferred to the Yabucoa station. However, on November 15, 2004, Lt. Cor. Santiago reassigned Sgt. Rivas back to the Maunabo police station.

Afterwards, Mrs. Rodríguez claims that she suffered from continued retaliation and harassment by Sgt. Rivas and by Lt. Rodríguez Torres, who was angry at Mrs. Rodríguez for not asking him for help prior to filing a claim at the PRPD headquarters. As a result, on March 1, 2005, Mrs. Rodríguez filed charges of discrimination against the PRPD at the Anti–Discrimination Unit of the Department of Labor of the Commonwealth of Puerto Rico ("UAD"). The PRPD never answered the complaint, nor appeared at the administrative proceedings. Consequently, on November 25, 2005, the UAD issued a Right to Sue Letter.

On February 22, 2006, Mrs. Rodríguez, Carlos Francisco Ortiz Torres and the conjugal partnership composed by both (jointly, "Plaintiffs") filed the present complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. *seq.*, alleging that Mrs. Rodríguez was the subject of unlawful employment practices based on her sex. (Docket No. 1). Moreover, pursuant to 28 U.S.C. § 1367, plaintiffs invoked pendent jurisdiction over several state law claims. *Id.* Plaintiffs seek prospective relief, compensatory and punitive damages, costs and attorneys' fees.

On August 2,2006, Sgt. Rivas, Lt. Cor. Santiago and Lt. Rodríguez Torres (jointly, "Defendants") moved to dismiss all claims against them under Fed. R.Civ.P. 12(b)(6), because Title VII does not provide for the imposition of individual liability.[1] Moreover, Defendants argued that since they are not liable under the federal statute, the state law claims brought pursuant to Puerto Rico Act No. 100 of June 30, 1959 ("Act 100"), Act No. 17 of April 22, 1988 ("Act 17"), Act No. 69 of July 6,

---

1. A Motion to Dismiss was also filed by defendant Puerto Rico Police Department on August 2, 2006. (Docket No. 11). The arguments set forth in said motion will be addressed separately; the present Opinion and Order only deals with the arguments contained in the Motion to Dismiss filed by the individual defendants (Docket No. 10).

1985 ("Act No. 69"), and Article 1802 of the Puerto Rico Civil Code ("Article 1802"), must also be dismissed. (Docket No. 10).

Plaintiffs opposed individual Defendants' Motion to Dismiss admitting that there is no Title VII action against Defendants, they argued, however, that Defendants' request for dismissal of the supplemental state law claims be denied. (Docket No. 17). Since the parties agree that Defendants are not personally liable under the federal statute, the Court shall only determine whether it should exercise supplemental jurisdiction over the state law claims brought against them.

### STANDARD OF REVIEW

A.  *Motion to Dismiss Standard.*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

B.  *Supplemental Jurisdiction Standard*

Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Supreme Court has observed that the "supplemental jurisdiction statute codifies [the] principles" established in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), where the Court held that federal judicial power may be exercised when there is a federal claim properly before a federal court and a state claim arises from "a common nucleus of operative fact." *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

In addition, 28 U.S.C. § 1367(a) allows a federal court to hear claims against additional parties over which it would not otherwise have jurisdiction, when those claims arise from a common nucleus of operative fact. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 5.4 at 336 (3rd Ed.1999). However, the dismissal of plaintiff's federal claim at the early stages of a suit, well before the commencement of trial, triggers the dismissal without prejudice of any supplemental state-law claims. *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130; *see also Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir.1995)(affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no

legitimate federal question existed."). Furthermore, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130. Basically, if the federal claims are properly dismissed, the District Court does not abuse its discretion in declining to exercise supplemental jurisdiction over the state-law claims asserted in the case. *Ramos–Piñero v. Puerto Rico,* 453 F.3d 48, 55 (1st Cir.2006).

### DISCUSSION

The First Circuit has yet to resolve the issue of individual liability in Title VII cases. However, some of the Circuit Courts have determined that there is no individual liability under Title VII. *See Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir. 1995); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995); *United States EEOC v. AIC Sec. Investigations,* 55 F.3d 1276, 1281 (7th Cir.1995); *Cross v. Alabama Dep't of Mental Health & Mental Retardation,* 49 F.3d 1490, 1504 (11th Cir. 1995). This District has also held that there is no individual liability against supervisors in Title VII claims. *See Gonzalez v. Guidant Corp.,* 364 F.Supp.2d 112, 116 (D.P.R.2005); *Miro Martinez v. Blanco Velez Store, Inc.,* 393 F.Supp.2d 108, 113 (D.P.R.2005); *Velez–Sotomayor v. Progreso Cash & Carry, Inc.,* 279 F.Supp.2d 65, 72 (D.P.R.2003); *Cintron v. Gonzalez,* 247 F.Supp.2d 48, 60 (D.P.R. 2003). In any event, Plaintiffs in this case even admitted that there is no Title VII claim against Defendants. Accordingly, Plaintiffs' Title VII claims against individual defendants shall be dismissed.

The dismissal of the Title VII claim against the individual Defendants leaves only state claims against them that should be resolved in a state court. Since the federal claim against the individual defendants have been properly dismissed well before the commencement of trial, this Court will exercise its discretion and decline supplemental jurisdiction over the state-law claims asserted against them in the present case.

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendants' Motion to Dismiss. Accordingly, the claims brought against defendants Sgt. Rivas, Lt. Cor. Santiago and Lt. Rodríguez Torres pursuant to Title VII are hereby **DISMISSED.** In addition, all state law claims against the named individual Defendants are **DISMISSED** without prejudice. This order in no way affects Plaintiffs' claims against the PRPD.

IT IS SO ORDERED.