**Minerva PAGAN, Plaintiff**

v.

**WAL–MART, et al., Defendant(s).**

**Civil No. 08–1636 (JAG).**

United States District Court,
D. Puerto Rico.

March 17, 2009.

Pedro J. Landrau–Lopez, San Juan, PR, for Plaintiff.

Jaime Luis Sanabria–Montanez, Pedro J. Manzano–Yates, Fiddler Gonzalez & Rodriguez, P.S.C, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is the motion to dismiss filed by Defendants Renzo Castillo, Ángel Rojas, Josué Torres and Aníbal Hernández ("Individual Defendants"). (Docket No. 22). For the reasons set forth below, the Court **GRANTS** Individual Defendants' motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2008, Plaintiff Minerva Pagan ("Plaintiff") filed the present complaint against Individual Defendants for sexual harassment and retaliation. Basically, Plaintiff argues that her supervisors, Individual Defendants, engaged in a pattern of discrimination against her because of her sex. Plaintiff's claims were filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII") and several state laws. (Docket No. 1).

On January 8, 2009, Individual Defendants moved to dismiss Plaintiff's Title VII under Fed.R.Civ.P. 12(b)(6), because Title VII does not provide for the imposition of individual liability. Additionally, Individual Defendants requested that this Court dismiss Plaintiff's state law claims against them. (Docket No. 22). On February 4, 2009, Plaintiff opposed Individual Defendant's motion to dismiss. (Docket No. 26).

## STANDARD OF REVIEW

A. *Motion to Dismiss Standard.*

In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under

Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95–96 (1st Cir.2007) (citing *Twombly*, 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (citing *Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

### 1. *Individual Liability under Title VII*

■ Title VII prohibits "all practices in whatever form which create inequality in employment opportunity due to discrimination on the basis of race, religion, sex, or national origin." *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 59 (1st Cir.1999) (internal citations and quotation marks omitted). Recently, the First Circuit held that there is no individual employee liability under Title VII.[1] *Fantini v. Salem State College*, 557 F.3d 22, 30–31 (1st Cir.2009). Accordingly, Plaintiff's Title VII claims against Individual Defendants will be dismissed.

### 2. *Supplemental Law Claims*

■ This Court should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed. *See Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir.1998) (finding that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation") (internal citations omitted). This Court will dismiss Plaintiff's federal claim against Individual Defendants, therefore, we will not exercise supplemental jurisdiction over Plaintiff's remaining state law claims against said defendants.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Individual Defendants'

---

1. This District has also held that there is no individual liability against supervisors in Title VII claims. *See Gonzalez v. Guidant Corp.*, 364 F.Supp.2d 112, 116 (D.P.R.2005); *Miro Martinez v. Blanco Velez Store, Inc.*, 393 F.Supp.2d 108, 113 (D.P.R.2005); *Velez–Sotomayor v. Progreso Cash & Carry, Inc.*, 279 F.Supp.2d 65, 72 (D.P.R.2003); *Cintron v.*

*Gonzalez*, 247 F.Supp.2d 48, 60 (D.P.R.2003). Furthermore, this Court has specifically stated that the law does not provide for supervisory liability under Title VII for acts of sexual harassment. *Velazquez v. Davila*, No. 08–1131, 2009 WL 453461, **6–7, 2009 U.S. Dist. LEXIS 13845, at *19 (D.P.R. Feb. 20, 2009).

motion to dismiss. (Docket No. 22). Plaintiff's federal claims against Individual Defendants shall be dismissed with prejudice. Plaintiff's state law claims against Individual Defendants shall be dismissed without prejudice. Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.