David SALICETI–VALDESPINO,
Plaintiff,

v.

WYNDHAM VACATION
OWNERSHIP, et al.,
Defendants.

Civil No. 12–1325 (GAG).

United States District Court,
D. Puerto Rico.

Jan. 3, 2014.

Enrique J. Mendoza–Mendez; Juan R. Davila–Diaz, for Plaintiff.

Carl E. Schuster; Shiara L. Dilone–Fernandez, for Defendants.

## OPINION AND ORDER

GUSTAVO A. GELPÍ, District Judge.

The court, in its Opinion and Order at Docket No. 57 granted in part and denied in part Wyndham's Motion for Summary Judgment at Docket No. 27. An issue was raised on the Pretrial/Settlement Conference held on December 11, 2013. Plaintiff asserted that his claim for damages as a result of the alleged constructive discharge claim was still alive. Defendants, on the other hand, alleged the claim was disposed of with the partial summary judgment. This court moved the parties to clarify this

issue. (*See* Docket No. 65.) At present, both parties acquiesce there is an outstanding issue concerning Plaintiff's constructive discharge claim. After reviewing the parties' submissions at Dockets No. 66, 69 & 70 and pertinent law, the court **DISMISSES** Plaintiff's claims under Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Articles 1802 & 1803"), Plaintiff's constructive discharge claim and his purported Law No. 69 of July 6, 1985 ("Law 69") retaliation claim. P.R. LAWS ANN. tit. 29, §§ 1321–1341.

## I. Article 1802 and 1803 claims

Plaintiff filed a Motion in Compliance with Court Order where he conceded that he has no tort claim under Articles 1802 & 1803 "based on the principle that special legislation supersedes a general one," and acknowledged that the outstanding issue relates solely to the constructive discharge claim. (*See* Docket No. 66.) In turn, the court need not explain further. Accordingly, the court hereby **DISMISSES** the Articles 1802 & 1803 claims.

## II. Constructive discharge claim

Regarding the survival of Plaintiff's constructive discharge claim, Plaintiff alleges that such claim survived summary judgment. Plaintiff nevertheless concedes that his Title VII and related local discrimination claims failed. (*See* Docket No. 69.) The court thus address this outstanding matter.

■ To establish hostile work environment, a plaintiff must show harassing behavior "sufficiently severe or pervasive to alter the conditions of [their] employment." *Pennsylvania State Police v. Suders,* 542 U.S. 129, 133–34, 124 S.Ct. 2342, 2347, 159 L.Ed.2d 204 (2004) (citing *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). While discussing the standard to establish a hostile work environment claim vis-à-vis a constructive discharge claim, the Supreme Court held that for a plaintiff to establish constructive discharge, "the plaintiff must make a further showing: he must show that the abusive working environment became so intolerable that his resignation qualified as a fitting response". *Pennsylvania,* 542 U.S. 129, 133–34, 124 S.Ct. 2342. To prove constructive discharge, Plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment. *Marrero v. Goya of Puerto Rico, Inc.,* 304 F.3d 7, 28 (1st Cir.2002) (citing *Keeler v. Putnam Fid. Trust Co.,* 238 F.3d 5, 10 (1st Cir.2001)).

■ Plaintiff alleges his constructive discharge claim is intertwined with his retaliation claim, which indeed survived summary judgment. To prove a retaliatory constructive discharge, Plaintiff must establish that his work environment was hostile. *Hernández–Torres v. Intercontinental Trading, Inc.,* 158 F.3d 43, 47–48 (1st Cir.1998) (citing *Smith v. Bath Iron Works Corp.,* 943 F.2d 164, 166 (1st Cir.1991)); *see also Schwapp v. Town of Avon,* 118 F.3d 106, 112 (2d Cir.1997) (holding that a constructive discharge claim "rises or falls on the determination of the hostile work environment facts"); *Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 718 (3d Cir.1997) (holding that in light of the court's conclusion that no hostile work environment existed when petitioner left her place of employment, she cannot prove "the necessary predicate to maintain a constructive discharge claim"), cert. denied, 522 U.S. 1128, 118 S.Ct. 1079, 140 L.Ed.2d 137 (1998).

■ Pursuant to the court's Opinion and Order at Docket No. 57, Plaintiff failed to meet the lower *prima facie* showing for a

hostile work environment claim. The court found that Plaintiff's allegations were insufficient to meet Title VII's standard because, amongst other arguments, the supervisor's [Maley's] conduct cannot be said to be so severe as to have fundamentally changed his [Plaintiff's] working conditions. Plaintiff failed to demonstrate his hostile work environment claim. Consequently, Plaintiff cannot meet the greater standard to prove a constructive discharge claim.

Furthermore, the First Circuit has affirmed a finding of constructive discharge where the employer refused to take adequate corrective measures to protect the employee from further harassment. *Id.* In the instant case, due to the employee's complaints and/or allegations against Maley, he was transferred out of Puerto Rico to Pompano Beach, Florida. (*See* Docket Nos. 57; 27–1 ¶¶ 57–59; 35 ¶¶ 57–59.) Maley left Puerto Rico by July 1, 2011. Plaintiff resigned from Wyndham on July 27, 2011. (*See* Docket Nos. 57; 27–1 ¶ 60; 35 ¶ 60.) It is clear then that Wyndham did in fact take corrective measures to protect the employees from future harassment by transferring Maley. It is also uncontested that Plaintiff resigned *after* Maley had been transferred. Maley's conduct (severe or not) could no longer affect Plaintiff's working conditions because Maley was no longer his supervisor. Even more so, Maley was no longer employed in Plaintiff's workplace. Thus, Maley could no longer create an "abusive working environment" that was so intolerable that Plaintiff had no choice but to resign. Maley was already gone when Plaintiff resigned. As such, no hostile work environment existed when Plaintiff left his place of employment.

Because the court, in its Opinion and Order at Docket No. 57 ruled that Plaintiff failed to meet the *prima facie* showing for his hostile work environment claim, he cannot succeed on his retaliatory constructive discharge claim. Plaintiff had his chance to argue this matter and is not entitled to further allegations. Having summarily dismissed the hostile work environment claim, it follows that the court must in turn reject the basis for the retaliatory constructive discharge claim. *See Hernández–Torres,* 158 F.3d 43. For the foregoing reasons, the court **DISMISSES** Plaintiff's constructive discharge claim.

### III. Law 69 retaliation claim

■ Plaintiff now moves the court to concede that a claim under Law 69 is "certainly applicable" here. (*See* Docket No. 69). Nevertheless, the court did not find any reference to a Law 69 retaliation claim in the Complaint. This is not surprising considering that Plaintiff conceded he referenced for the *first time* a potential Law 69 claim in his recent Proposed Pretrial Order. It was incumbent upon Plaintiff to properly include and allege a claim under Law 69. This he failed to do.

Plaintiff has not supported legally nor factually a retaliation claim under Law 69. The court has warned parties before that trial judges are not "mind readers," and that "[i]f claims are merely insinuated rather than actually articulated," courts are not required to make determinations on them. *Colon–Fontanez v. Municipality of San Juan,* 660 F.3d 17, 45–46 (1st Cir.2011). *See McCoy v. Mass. Inst. of Tech.,* 950 F.2d 13, 22 (1st Cir.1991); *see also Harriman v. Hancock Cnty.,* 627 F.3d 22, 28 (1st Cir.2010) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (quoting *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990))); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec.*

*Co.,* 840 F.2d 985, 990 (1st Cir.1988) (a party has a duty "to spell out its arguments squarely and distinctly ... [instead of being] allowed to defeat the system by seeding the record with mysterious references to unpled claims").

Plaintiff's contention that the Complaint referenced the Puerto Rico Anti Retaliation Act (typically referred to as Law 115) without giving a specific action seems a bit far-fetched. Claims cannot be insinuated. The record is devoid of proper arguments to support a Law 69 claim. Plainly, Plaintiff failed to adequately plead a Law 69 claim so, the court need not make a determination as to the merits of such claim.

Irrespective of the above, a Law 69 claim fails in the case at bar. Law 69 deals primarily with discrimination and/or retaliation in employment on the basis of sex or gender. This court has noted that Law 69 and Law 100 are part of a common statutory scheme to proscribe sex discrimination. *Miranda v. IPR Pharm.,* CIV. 10–2238 JAF, 2011 WL 5977813 (D.P.R. Nov. 29, 2011). Laws 69 and 100 serve nearly identical purposes and proscribe nearly identical behavior. *Rosado v. Fondo del Seguro del Estado,* CIV. 08–2264 GAG, 2012 WL 405403 (D.P.R. Feb. 8, 2012), appeal dismissed (June 5, 2012). Both laws, along with Law 17, constitute a statutory scheme enacted to combat gender discrimination. *See Id.*

Law 17, Law 69, and Law 100 serve virtually identical purposes and outlaw virtually identical behaviors. *Rojas–Ramirez v. BMJ Foods, Inc.,* CIV. 09–1593 GAG, 2011 WL 693621 (D.P.R. Feb. 24, 2011); *See Suarez Ruiz v. Figueroa Colon,* 145 P.R. Dec. 142, 148–49 (1998) (explaining Law 17 and Law 69 represent more specific prohibitions on conduct already proscribed by Law 100 and noting all three statutes form a single legislative scheme to further the public policy against gender

discrimination); *Miro Martinez v. Blanco Velez Store, Inc.,* 393 F.Supp.2d 108, 114 (D.P.R.2005) (discussing relationship between Law 17, Law 69, and Law 100). In fact, Law 17 and Law 69 are merely amplifications of principles already contained in Law 100. *See Vargas v. Fuller Brush Co. Of Puerto Rico,* 336 F.Supp.2d 134, 142 (D.P.R.2004). Law 17 and Law 69 are, according to the canons of statutory construction, to be interpreted in *pari materia* with Law 100. *See Valentin–Almeyda v. Municipality Of Aguadilla,* 447 F.3d 85, 102 (1st Cir.2006)

Moreover, the courts have also recognized that Title VII hostile work environment claims brought under Law 17, Law 69, and Law 100 are essentially the same. *Godoy v. Maplehurst Bakeries, Inc.,* 747 F.Supp.2d 298, 317 (D.P.R.2010); *See Aponte–Rivera v. DHL Solutions (USA), Inc.,* 2010 WL 376330, 2010 U.S. Dist. LEXIS 5451 (D.P.R. Jan. 25, 2010). *Salgado–Candelario v. Ericsson Caribbean, Inc.,* 614 F.Supp.2d 151, 176 (D.P.R.2008) ("[w]hile Law 100 prohibits conduct similar to that of Title VII, the Puerto Rico Supreme Court has recognized that it is more plaintiff-friendly than its federal counterpart.").

This court dismissed Plaintiff's sex discrimination claim under Title VII (*See* Docket No. 57). Laws 69 and 100 are the state law correlates to this action. Considering the court also dismissed Plaintiff's Law 100 claim, any Law 69 claim should likewise be dismissed. Therefore, based on the reasoning above and that set forth in our previous Opinion and Order at Docket No. 57, the court **DISMISSES** the Law 69 claim as well.

## IV. Conclusion

The court notes that Plaintiff's retaliation claim under Title VII indeed survived summary judgment. The court reiterates

that Plaintiff's supplemental retaliation claim under Act 115 of December 20, 1991, P.R. Laws Ann. tit 29 § 194a *et seq.* will be addressed if the parties are unable to reach a settlement. For the foregoing reasons, the court **DISMISSES** Plaintiff's Articles 1802 & 1803 claims, Plaintiff's constructive discharge claim and his Law 69 retaliation claim.

**SO ORDERED.**